Rudolph TAHTINEN, Plaintiff-Appellant,

v.

MSI INSURANCE COMPANY, a corporation, Defendant-Respondent.†

Court of Appeals

*No. 83–954. Submitted on briefs January 31, 1984.—Decided March 13, 1984.*
(Also reported in 347 N.W.2d 617.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Ashley & Hannula* and *Daniel D. Hannula* of Superior.

For the respondent the cause was submitted on the brief of *Steven J. Ledin* and *Davis, Witkin, Weiby, Maki & Durst, S.C.,* of Superior.

Brief of amicus curiae of Wisconsin Insurance Alliance was filed by *Bell, Metzner & Gierhart, S.C., Steven J. Caulum* and *Thomas A. Lockyear* of Madison.

Brief of amicus curiae of Wisconsin Academy of Trial Lawyers was filed by *Gleisner Law Offices, William C. Gleisner, III, Hope K. Olson* and *David L. Nichols* of Menomonee Falls.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Rudolph Tahtinen appeals a judgment dismissing his action against MSI Insurance Company. Tahtinen sought to collect under the uninsured motorist provisions of each of three policies MSI issued to him, alleging that his damages greatly exceeded the coverage provided by any single policy. He contends the trial court erroneously ruled that the policies' "Other Automobile Insurance in the Company" clause, limiting coverage to the largest single policy coverage, bars recovery despite sec. 631.43(1), Stats., which allows "stacking" of multiple policy coverages. The trial court interpreted the statute to apply only when two or more policies are issued by different insurers. Because the language of sec. 631.43(1) applies regardless of how many insurers are

involved and does not exclude situations involving two or more policies issued by a single insurer, we reverse and remand the cause to the trial court with directions to reinstate the complaint for further proceedings.

The interpretation of a statute in relation to a particular set of facts is a question of law, *State v. Clausen*, 105 Wis. 2d 231, 243, 313 N.W.2d 819, 825 (1982), that we independently review, *State v. Britzke*, 108 Wis. 2d 675, 680, 324 N.W.2d 289, 291 (Ct. App. 1982), *aff'd*, 110 Wis. 2d 728, 329 N.W.2d 207 (1983). The primary source of statutory construction is the language of the statute. *Kimberly-Clark Corp. v. Public Service Commission*, 110 Wis. 2d 455, 462, 329 N.W.2d 143, 146 (1983). We must give effect to the ordinary and accepted meaning of statutory language. *County of Walworth v. Spalding*, 111 Wis. 2d 19, 24, 329 N.W.2d 925, 927 (1983). It is improper to resort to extrinsic aids to interpret unambiguous statutes. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *State v. Derenne*, 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981).

Section 631.43 (1) unambiguously prohibits MSI's "other insurance in the company" clause.[1] The first sen-

---

[1] Section 631.43 (1), Stats,, provides:

General. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions. The policies may by their terms define the extent to which each is primary and each excess, but if the policies contain inconsistent terms on that point, the insurers shall be jointly and severally liable to the insured on any coverage where the terms are inconsistent, each to the full amount of coverage it provided. Settlement among the insurers shall not alter any rights of the insured.

tence of the statute refers only to "policies." The common and accepted meaning of the term "policies" is more than one policy, regardless of whether different insurers have issued them. Nothing in the second and third sentences requires the term policies referred to in the first sentence to be from more than one insurer. The latter sentences refer to insurers in the plural because they apply to situations that can only arise when more than one insurer is involved.

We agree with the trial court that statutory construction, not public policy, is the issue in this case. *See Nelson v. Employers Mutual Casualty Co.*, 63 Wis. 2d 558, 568, 217 N.W.2d 670, 675 (1974). We also agree that *Landvatter v. Globe Security Insurance Co.*, 100 Wis. 2d 21, 300 N.W.2d 875 (Ct. App. 1980), alone does not require stacking uninsured motorist coverages obtained from a single insurer. The plain language of sec. 631.43(1), however, coupled with *Landvatter's* holding that the statute does apply to uninsured motorist coverages, *id.*, at 25–26, 300 N.W.2d at 878, makes MSI's provision unenforceable except to the extent that Tahtinen's damages might exceed the total of uninsured motorist coverage under all three policies.

*By the Court.*—Judgment reversed and cause remanded with directions.