Mary M. BURNS,
Plaintiff-Respondent and Cross-Appellant,

v.

MILWAUKEE MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,
Defendant-Appellant and Cross-Respondent.

Court of Appeals

*No. 83–1085. Submitted on briefs June 25, 1984.—Decided November 21, 1984.*
(Also reported in 360 N.W.2d, 61.)

For the defendant-appellant the cause was submitted on the briefs of *Daniel R. Doucette* and *Thomas R. Schimpf* and *Kluwin, Dunphy, Hankin and McNulty* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James G. Curtis* and *Hale, Skemp, Hanson & Skemp* of La Crosse.

Before Gartzke, P.J., Dykman, J. and Bruce F. Beilfuss, Reserve Judge.

GARTZKE, P.J.   Milwaukee Mutual Insurance Company appeals from a judgment on agreed facts awarding Mary M. Burns money damages for her personal injuries and for the wrongful death of her husband. She cross-appeals from an order dismissing her separate claim for punitive damages. The issue in Milwaukee Mutual's appeal is whether the trial court erred by stacking uninsured motorist coverage on two automobiles.[1] The issue in the cross appeal is whether recovery of punitive damages on an uninsured motorist insurance claim violates public policy. We conclude that stacking is proper and that allowing punitive damages under those circumstances is contrary to public policy. We therefore affirm.

---

[1] The trial court also stacked the medical services coverages on the two automobiles, but the issues raised on appeal are limited to the uninsured motorist provisions.

Milwaukee Mutual issued a single automobile liability policy to Mary Burns, describing a Datsun and a Ford in the declarations. The policy provides uninsured motorist coverage of $15,000 per person and $30,000 per accident on the Datsun and on the Ford. Identical premiums of $2.55 were paid for the uninsured motorist coverage on each car.

The parties agree that Mary Burns was injured and her husband killed in an automobile accident involving the Datsun, which Mary drove. The adverse driver was 100% negligent and has no liability coverage insurance. Mary's damages for the wrongful death of her husband exceed $30,000. Her damages for her own injuries are $24,000. Refusing to stack the coverage, Milwaukee Mutual paid Mary $15,000 uninsured motorist benefits on account of the wrongful death and $15,000 on account of her own damages.

Mary Burns's first claim seeks damages predicated on stacking the uninsured motorist coverages. She asserts that on account of the wrongful death she is entitled to uninsured motorist benefits totalling $30,000, and on account of her bodily injuries she is entitled to uninsured motorist benefits totaling $23,000. Her second claim demands punitive damages against Milwaukee Mutual on the uninsured motorist coverage. The second claim alleges that the uninsured driver operated the adverse vehicle while under the influence of intoxicants.

The trial court found that in fact Mary Burns had two policies, even though incorporated in one document. It concluded she may stack the uninsured motorist coverage limits, but dismissed her complaint for punitive damages on public policy grounds.

*Stacking*

We held in *Landvatter v. Globe Security Ins. Co.*, 100 Wis. 2d 21, 300 N.W.2d 875 (Ct. App. 1980), that un-

insured motorist coverages in two policies may be stacked or aggregated if a prohibitory provision in either policy offends sec. 631.43(1), Stats.

The uninsured motorist provision in Milwaukee Mutual's policy provides in relevant part that the company agrees:

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death, resulting therefrom, . . . caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . . .

The policy contains the following "other insurance" clause:

[I]f the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability thereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Section 631.43(1), Stats., provides:

When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions . . . .

The "other insurance" provision in Milwaukee Mutual's policy effects the reduction prohibited by sec. 631.43(1), Stats. The "other insurance" provision is therefore unenforceable, unless the "2 or more policies"

language in sec. 631.43(1) makes that statute inapplicable, the coverages involved having been issued in a single document.

Mary Burns paid separate premiums for uninsured motorist on each auto. We therefore agree with the view of the Michigan Court of Appeals in *Citizens Mutual Insurance Company v. Turner*, 220 N.W.2d 203, 204–05 (Mich. Ct. App. 1974):

> Although there was one policy number issued by the plaintiff insurance company, two premiums were charged and paid which covered two cars. The question thus presented is whether the Michigan Supreme Court intended the question of multiple coverage to be dependent upon the number of insurance policies issued by the insurer or by the number of premiums paid by the insured. To hold that the answer depends on the question of how many policy numbers were issued would be illogical since the insurance companies would merely combine several separate policies issued to the same insured under one policy. Plaintiff insured the parents' two cars and required two separate premiums to be paid. From the insured's point of view, this relationship is the same as having two policies, regardless of how the insurer subsequently handles those paid premiums for its administrative purposes. Accordingly, we view this case as involving two different insurance policies and, therefore, the trial court correctly held that the uninsured motorist coverage found in them could be stacked for defendant's benefit.

Other jurisdictions have stacked uninsured motorist coverages even though only one policy was issued, on grounds that the insured paid separate premiums for the coverages: *Allstate Ins. Co. v. Maglish*, 586 P.2d 313, 314–15 (Nev. 1978); *United Sec. Ins. Co. v. Mason*, 376 N.E.2d 653, 656 (Ill. App. 1978); *Federated American Ins. Co. v. Raynes*, 563 P.2d 815, 820 (Wash. 1977).

We conclude that the "2 or more policies" language in sec. 631.43(1), Stats., is satisfied.[2] Milwaukee Mutual's

---

[2] In *Tahtinen v. MSI Ins. Co.*, 118 Wis. 2d 389, 391–92, 347 N.W.2d 617, 618 (Ct. App. 1984), we held on the basis of sec.

uninsured motorist coverages may therefore be stacked unless another provision in the policy prohibits aggregating those coverages.

Milwaukee Mutual asserts that the following sentence on the declarations page of the policy precludes stacking:

The coverage as shown for each car is applicable to that car only and such coverage does not extend in any way to any other car specifically insured by this policy.

This provision does not apply to the uninsured motorist coverage. Milwaukee Mutual's agreement to provide uninsured motorist coverage (from which we earlier quoted) is not conditioned on the insured's being the operator of or a passenger in either car described in the declarations. For example, Mary Burns would have the benefit of that coverage if injured in a pedestrian accident involving an ininsured motorist. Hence, the uninsured motorist coverage is not "for each car" described in the declarations.

## Punitive Damages

Mary Burns contends that the uninsured motorist provisions are broad enough to include punitive damages, that allowing recovery of punitive damages on uninsured motorist coverage is not against public policy, and therefore the trial court should not have dismissed her claim against Milwaukee Mutual for punitive damages.[3]

Milwaukee Mutual agreed "to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured auto-

---

631.43(1), Stats., that uninsured motorist coverage in three policies issued by the same insurer could be stacked. To the extent that language in *Tahtinen* might support a contrary result in this case, it is dictum which we choose not to follow.

[3] Whether punitive damages may be assessed against an intoxicated driver is not discussed by either party. We express no view on the issue.

mobile because of bodily injury . . . including death . . . ." This language is broad enough to include punitive damages. *See Cieslewicz v. Mutual Service Cas. Ins. Co.*, 84 Wis. 2d 91, 95–98, 267 N.W.2d 595, 597–99 (1978) (agreement to pay all sums which insured is legally obligated to pay as damages because of bodily injury includes punitive damages). We turn to the public policy considerations.

Punitive damages are allowed against a tortfeasor to punish the wrongdoer and deter others from similar conduct. *Cieslewicz*, 84 Wis. 2d at 100, 267 N.W.2d at 599; *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 302, 294 N.W.2d 437, 457 (1980). Punishment and deterrence do not result from a punitive damages award if the damages cannot be recovered from the tortfeasor.

The purpose of uninsured motorist coverage is to protect a tort victim by providing insurance when the tortfeasor has none. Because persons who have no liability insurance are usually judgment proof, to allow recovery of punitive damages on an uninsured motorist coverage will generally fail to advance the purposes of punitive damages. Indeed, to allow punitive damages will probably increase the cost of uninsured motorist coverage, to the detriment of those it is designed to protect.[4]

We conclude that recovery of punitive damages on an uninsured motorist claim is contrary to public policy.

*By the Court.*—Judgment and order affirmed.

[4] A tort victim may settle a claim for compensatory damages and reserve rights against the tortfeasor for punitive damages. *Wussow v. Commercial Mechanisms, Inc.*, 97 Wis. 2d 136, 293 N.W.2d 897 (1980). An uninsured motorist claimant who seeks punitive damages should consider that course.