**Anthony C. GRABSKI, Plaintiff,**

v.

**Tracy Allen FINN, Robert Finn, Michigan Mutual Insurance Company, a Michigan insurance company, Edwards Chevrolet - Pontiac - Oldsmobile - Buick - Cadillac, Inc., a Michigan corporation, Universal Underwriters Insurance Company, a Missouri insurance corporation, and Auto-Owners Insurance Company, a Michigan insurance corporation, Defendants.**

No. 84–C–111.

United States District Court,
E.D. Wisconsin.

March 18, 1986.

Ronald L. Wallenfang, Quarles & Brady, Milwaukee, Wis., for plaintiff.

John E. Bliss, Tinkham, Smith, Bliss, Patterson, Richards & Hessert, Wausau, Wis., Thomas J. Regan, Kluwin, Dunphy & Hankin, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

CURRAN, District Judge.

Anthony G. Grabski, the plaintiff in the above-captioned case, is suing two individuals, three insurance companies and a corporation for compensatory damages stemming from injuries he sustained when he

was struck by a car on June 25, 1983. Because the plaintiff and each of the defendants are citizens of different states and the amount in controversy exceeds $10,000, this court has jurisdiction of this case pursuant to 28 U.S.C. § 1332. All the defendants answered and then filed motions for summary judgment which are fully briefed and ready for decision. *See* Federal Rule of Civil Procedure 56. The plaintiff has also filed a motion for partial summary judgment. After these motions were filed, all of the parties except Auto-Owners Insurance Company stipulated to a release of all claims against defendants Tracy Allen Finn, Robert Finn and Michigan Mutual Insurance Company and to the dismissal of these three defendants as parties to this lawsuit. *See* Stipulation to and Order for Dismissal of Claims and Parties (filed August 19, 1985). Accordingly, the Motion for Partial Summary Judgment filed by Tracy Allen Finn, Robert Finn and Michigan Mutual Insurance Company is now moot.

## I. FACTS

For purposes of the summary judgment motions, the parties have stipulated to the following facts:

1. The plaintiff, Anthony C. Grabski, is an adult resident of the State of Wisconsin residing at Star Route 1, Box 92, Florence, Florence County, Wisconsin 54121.

2. The plaintiff, Anthony C. Grabski, was born on March 31, 1963 and on the day of the accident in question was 20 years of age.

3. The defendant, Tracy Allen Finn, is an adult resident of the State of Michigan residing at 721 Adams Street, Quinnesec, Michigan 49876.

4. Tracy Allen Finn was born on April 24, 1962 and on the day of the accident here in question was 21 years of age.

5. The defendant, Robert Finn, is an adult resident of the State of Michigan residing at 721 Adams Street, Quinnesec, Michigan 49876 and is the natural father of the defendant, Tracy Allen Finn.

6. At all times material hereto Tracy Allen Finn resided in the household of his father, Robert Finn.

7. Edwards Chevrolet-Pontiac-Oldsmobile-Buick-Cadillac, Inc. (hereinafter Edwards) is a Michigan corporation located at 1807 North Stevenson, Iron Mountain, Michigan 49801 and is in the automobile sales and service business.

8. A subsidiary of Edwards is entitled Edwards Leasing Company of Iron Mountain and also does business at 1807 North Stevenson, Iron Mountain, Michigan 49801 and is in the business of leasing vehicles to customers on a short-term or long-term basis.

9. Defendant, Michigan Mutual Insurance Company, is a Michigan insurance corporation located at 2400 U.S. 41 West, Marquette, Michigan 49855. At all times material hereto there was in full force and effect a policy of liability insurance insuring Robert Finn and Tracy Allen Finn as an additional insured against liability imposed by law for damages proximately caused by the negligent driving of a 1977 Chevrolet Impala automobile described hereinbelow. The Michigan Mutual Insurance Company has a $50,000 limit of liability for personal injuries suffered by any one person.

10. Universal Underwriters Insurance Company is a Missouri insurance corporation which is authorized and engaged in the writing of automobile liability insurance in the State of Michigan. Its principal place of business in Michigan is located at 30800 Telegraph Road, Birmingham, Michigan 48010.

11. At all times relevant hereto, Universal Underwriters Insurance Company had issued and in full force and effect a policy of insurance in favor of defendant, Edwards.

12. The defendant, Auto-Owners Insurance Company, is a Michigan insurance corporation with its principal place of business at 6101 Ana Copri, Lansing, Michigan 48909.

13. At all times relevant hereto the Auto-Owners Insurance Company provided

an automobile policy in favor of Anthony C. Grabski (as an additional insured under a policy issued to his father, Charles Grabski).

14. The Mark IV Lounge is a Wisconsin business entity engaged in the on-premises sale of alcoholic beverages. It is located on U.S. Highway 2, Spread Eagle, Wisconsin, about one and one-half miles West of where U.S. Highway 2 crosses the Wisconsin-Michigan border.

15. At the time of plaintiff's injury, the legal drinking age in the State of Wisconsin was age 18 and the legal drinking age in the State of Michigan was age 21.

16. The occurrence here in question occurred shortly after 12 o'clock a.m. on June 25, 1983 in the parking lot of the Mark IV Lounge. Tracy Finn had driven a 1977 Chevrolet Impala to the Mark IV that evening.

17. The 1977 Impala was owned by Edwards, a defendant herein.

18. On April 28, 1982, defendant, Robert Finn, had purchased a 1979 Chevrolet pickup truck from Edwards which subsequently required repairs. Because the repairs rendered to the Finn pickup truck took 40 days, from June 6, 1983 to July 16, 1983, and because Robert Finn was a good customer of Edwards, Edwards furnished Robert Finn with the 1977 Impala as a loaner car during the pendency of the repairs to his pickup.

19. The 1977 Impala had been taken in trade on a retail basis by Edwards from its previous owner. Due to the fact that the body of the car was somewhat rough, but the mechanical condition was very good, Edwards used the 1977 Impala as a "loaner" for service customers such as Robert Finn.

20. The criteria used by Edwards to determine the availability of loaner cars such as the 1977 Impala were twofold: A good customer whose car would be in for extensive and lengthy repairs.

The parties have submitted copies of the insurance policies in question. They have not stipulated to any facts concerning the injuries in question, but based on the evidence presented, it appears that on June 25, 1983, Grabski and Tracy Allen Finn were in the Mark IV tavern on United States Highway 2 in Wisconsin. As the two left at approximately midnight, there was a collision in the parking lot. After a conversation or altercation, Finn left the parking lot driving the 1977 Chevrolet Impala which had been loaned to his father, Robert Finn, by Edwards Chevrolet. The car came in contact with Grabski, pinning his arm between it and another car. Because of the injury Grabski's arm had to be amputated at the shoulder.

## II. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Company*, 778 F.2d 1278, 1281 (7th Cir.1985). The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). For the purpose of determining whether any material fact remains disputed, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Box v. A & P Tea Company*, 772 F.2d 1372, 1375 (7th Cir. 1985), *petition for cert. filed*, 54 U.S.L.W. 3588 (U.S. February 12, 1986). These inferences must, however, be reasonably drawn. *Posey v. Skyline Corporation*, 702 F.2d 102, 104 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial ... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact ex-

ists is insufficient to raise a factual issue.

*Id.* at 105 (citations omitted). The existence of a factual dispute does not necessarily preclude summary judgment unless the disputed fact is outcome determinative under the governing law. *Egger*, 710 F.2d at 296. A "material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306 (9th Cir.1982).

### A. Motions for Summary Judgment of Grabski, Edwards and Universal

#### 1. *Cross Motions Regarding Owners' Liability*

The plaintiff and defendants Edwards Chevrolet-Pontiac-Oldsmobile-Buick-Cadillac, Inc. and its insurer Universal Underwriters Insurance Company have filed cross-motions for summary judgment which are, in part, motions for declaratory judgments declaring the parties' rights under the insurance policy in question. Edwards and Universal move for summary judgment:

1. upon the plaintiff's claim of vicarious liability pursuant to section 344.52 of the Wisconsin Statutes;

2. upon the plaintiff's claim for strict liability pursuant to the Michigan ownership statute; and

3. upon the plaintiff's claim that Tracy Finn is an insured under the Universal Underwriters policy in favor of defendant, Edwards.

The plaintiff, in turn, asks for partial summary judgment determining:

1. That defendant Edwards Chevrolet-Pontiac-Oldsmobile-Buick-Cadillac, Inc. is directly liable to plaintiff under § 257.401 Michigan Compiled Laws for the negligence, if any, of defendant Tracy Allen Finn; or

2. Alternatively, that Tracy Allen Finn is an additional insured under the insurance policy issued by Universal Underwriters Insurance Company to Edwards Chevrolet-Pontiac-Oldsmobile-Buick-Cadillac, Inc.; and

3. That Edwards Chevrolet-Pontiac-Oldsmobile-Buick-Cadillac, Inc. and Universal Underwriters Insurance Company are directly liable to plaintiff under § 344.-51(2),[1] [sic] Wis.Stats.

As a threshhold matter, the parties ask the court to make a choice between the laws of Wisconsin and Michigan. Both states have significant contacts with this case. The undisputed facts show that defendants Tracy Finn and his father, Robert Finn, are both citizens of Michigan. The car driven by Tracy Finn on the night in question was loaned to his father in Michigan by Edwards, which is incorporated in Michigan and has its principal place of business in Michigan. The car was insured by Edwards under a Universal policy which was delivered in Michigan. The plaintiff, a citizen of Wisconsin, was injured in Wisconsin by the car driven by Finn.

The plaintiff asks the court to rule that Edwards and its insurer Universal are directly liable to him under section 257.401 of the Michigan Compiled Laws or under section 344.52 of the Wisconsin Statutes as an additional insured under the Universal policy. Grabski prefers that the court choose the Michigan law. The defendants, on the other hand, argue that the court should apply the laws of Wisconsin. They are under the impression that this state has a garageman's insurance exemption for parties in the situation of Edwards. But, as the plaintiff points out, this statutory exemption was removed by chapter 114 of the 1969 Laws of Wisconsin. Such an exemption is now merely permissible in an insurance policy. *See* Wis.Stat. § 632.32 (1983–1984). The Universal policy does not contain such a provision.

---

**1.** Grabski cites section 344.51(2) which is titled "Financial Responsibility for Domestic Rented Vehicles." Because the vehicle in question was loaned in Michigan, the plaintiff must be referring to section 344.52, "Financial Responsibility for Foreign Rented Vehicles."

Section 257.401 of the Michigan Compiled Laws provides:

> Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injuries occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of such injury by his or her father, mother, sister, son, daughter, or other immediate member of the family....

Michigan Compiled Laws Annotated § 257.-401 (1977 & 1985 Supp.).

Section 344.52 of the Wisconsin Statutes provides:

> **Financial responsibility for foreign rented vehicles.** (1) Whenever any motor vehicle rented for compensation outside this state is operated in this state, the lessor of such motor vehicle is directly liable for all damages to persons or property caused by the negligent operation of such rented vehicle unless, at the time when such damage or injury occurs, the operation of the vehicle is effectively covered by a policy of insurance which provides coverage at least in the amounts specified in s. 344.01(2)(d) for property damage, personal injury or death suffered by any person on account of the negligent operation of such vehicle. The amount of liability imposed upon the lessor by this section in the absence of insurance coverage shall not exceed the limits set forth in s. 344.-01(2)(d) with respect to the acceptable limits of liability when furnishing proof of financial responsibility. The fact that the rented vehicle is operated in this state contrary to any understanding or agreement with the lessor is not a defense to any liability imposed by this section.
>
> (2) If a motor vehicle rented for compensation outside this state is operated in this state, the lessor of such vehicle is deemed to have irrevocably appointed the secretary as the agent or attorney upon whom legal process may be served in any action or proceeding against such lessor or the lessor's executor, administrator, personal representative, successors or assigns, growing out of the operation of such rented motor vehicle in this state. Such appointment is binding upon the lessor's executor, administrator, personal representative, successors or assigns. The operation of such rented motor vehicle in this state is signification of the lessor's agreement that such legal process or notice may be served upon the lessor or the lessor's executor, administrator, personal representative, succesors or assigns and that process or notice so served has the same legal force as if personally served upon them in this state. Service of such process or notice shall be made as provided in s. 345.09. This section does not affect the right to serve process or notice on the nonresident operator of the rented motor vehicle as provided in s. 345.09.
>
> (3) In this section, "motor vehicle" means a self-propelled vehicle.

Wis.Stat. § 344.52 (1983–1984).

■ Contrary to the plaintiff's contention, Wisconsin's section 344.52 has no direct bearing on this case. The statute provides that the owner of a "rented" vehicle is directly responsible for the operation of the vehicle if the operator is found to be negligent and if the vehicle is not effectively covered by an insurance policy with coverage equaling the statutory minimum. *See* Wis.Stat. § 344.01(2)(d) (1983–1984). In this case Universal was listed as the

insurer of the vehicle driven by Tracy Finn on the Wisconsin Motor Vehicle Accident Report. *See* Affidavit of Ronald L. Wallenfang at Exhibit 20. But, in addition, the operation of the vehicle was effectively covered by Robert Finn's policy with Michigan Mutual, which has already settled with Grabski for the statutory minimum. This is all the statute requires. It does not require that Edwards be responsible for more than the statutory minimum.

■ Having eliminated the Financial Responsibility for Foreign Rented Vehicles law and the former Wisconsin garageman's exemption from consideration, the court is left with a decision of whether to apply Michigan's section 257.401 or to let Edwards' negligence and liability be determined solely by Wisconsin's comparative negligence principles. In general, when jurisdiction is based on diversity of citizenship, a federal court must apply the substantive law of the forum state, including the state's choice of law rules. *Klaxon Company v. Stentor Electric Manufacturing Company, Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Gonzalez v. Volvo of America Corporation,* 734 F.2d 1221, 1223 (7th Cir.1984). Wisconsin employs five choice-influencing considerations in determining which state's law shall govern: (1) simplification of the judicial task; (2) maintenance of interstate and international order; (3) predictability of results; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *See Heath v. Zellmer,* 35 Wis.2d 578, 151 N.W.2d 664 (1967). Application of these factors can result in the laws of different states being applied to separate issues in the same lawsuit. *Cf. Gonzelez,* 734 F.2d at 1224.

The acts which potentially give rise to owner's responsibility in this case all took place in the State of Michigan, where Edwards loaned one of its cars to Robert Finn who, in turn, allowed his son Tracy to use the car. Owners' liability only arises, however, when a borrower negligently causes injury, and in this case the injury took place in Wisconsin. While it would not offend due process to apply either state's laws to this issue, *see Allstate Insurance Company v. Hague,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1940), the Michigan contacts are more significant.

Simplification of the judicial task, maintenance of interstate order, and predictability of results are factors which do not influence a choice of law in most automobile injury cases. Most decisions reported in Wisconsin have turned on which law would advance the forum's governmental interests or on which state had the better rule of law. One commentator has pointed out that in the five personal injury cases involving conflicts of law which were decided after Wisconsin adopted the choice-influencing considerations, the Wisconsin courts have not automatically used the forum's interest or the "better rule of law" as justification for invariably applying forum law. *See* Comment, Stacking the Deck: Wisconsin's Application of Leflar's Choice-Influencing Considerations to Torts Choice-of-Law Cases, 1985 *Wisconsin Law Review* 401, 432. The same commentator also points out that Wisconsin courts have only chosen what they considered a better rule of law when one state's law was rejected as anachronistic. *Id.* at 423–24. There is no suggestion that either state's law is outdated in this situation.

It appears, then, that the choice of law in this case will turn on whether application of Michigan's section 257.401 will advance Wisconsin's governmental interests. Wisconsin has a paramount and often-expressed interest in compensating tort victims. *See, e.g., Heath,* 35 Wis.2d at 601, 151 N.W.2d at 647. The Wisconsin Legislature has attempted to assure compensation for automobile injuries by enacting section 632.32 of the Wisconsin Statutes, which requires that coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy. *See* Wis.Stat. § 632.32(3)(a) (1983–1984). Michigan's section 257.401 leads to similar re-

sults. It does not govern insurance policies, but it does provide that the owner of a vehicle is liable for any injuries caused by the negligent operation of the vehicle. Likewise, under Wisconsin law, there must be a finding of negligence and liability before the owner's insurance coverage is triggered. The problem in relation to this situation is that Wisconsin's section 632.32 applies only to vehicles covered by insurance issued or delivered in Wisconsin. This "omnibus" statute does not apply to the Universal policy which was delivered in Michigan. The issue, then, becomes whether to apply Michigan's owners' responsibility law to Edwards and Universal. There is no doubt that application of the Michigan law would promote Wisconsin's interest in compensation for tort victims.

Michigan's courts have sanctioned extra-territorial application of section 257.401 in cases where a. citizen of Michigan is involved in an injury in another state. *See, e.g., Sexton v. Ryder Truck Rental, Inc.,* 413 Mich. 406, 320 N.W.2d 843 (1982). Had this case been filed in Michigan, the courts there would have applied the owner responsibility statute because the relationship between the owner and the operator arose in Michigan.

> The purpose of the [motor vehicle] owners' liability statute is to place the risk of damage or injury upon the person who has the ultimate control of the vehicle.
>
> The owner who gives his keys to another, and permits that person to move several thousand pounds of steel upon the public highway, has begun the chain of events which leads to damage or injury.
>
> The statute makes the owner liable, not because he caused the injury, but because he permitted the driver to be in a position to cause the injury.

*Roberts v. Posey,* 386 Mich. 656, 662, 194 N.W.2d 310, 312 (1972). In the case at hand the owner-operator relationship took place exclusively in Michigan where Edwards loaned its car to Robert Finn. Thus, it would promote the public policies of both

Wisconsin and Michigan to apply Michigan's section 257.401 to hold Edwards liable for any injuries caused by the negligent driving of Tracy Finn. Because Tracy Finn is required to be covered by Michigan law, any liability incurred by his negligent driving is entitled to the same coverage under the Universal policy as would be afforded to Edwards. Accordingly, the court will deny summary judgment to the defendants on the plaintiff's claims under the Michigan ownership statute and under the Universal policy. Summary judgment will be granted to the defendants on the plaintiff's alternative claim of liability under section 344.52 of the Wisconsin Statutes. Conversely, the court will grant summary judgment to the plaintiff as to Edwards' liability under section 257.401 of the Michigan Compiled Laws. The court will deny summary judgment to the plaintiff on his claim under section 344.52 of the Wisconsin Statutes.

*2. Negligent Entrustment*

■ The defendants have asked for summary judgment on the plaintiff's claim of negligent entrustment against Edwards. In *Bankert v. Threshermen's Mutual Insurance Company,* 110 Wis.2d 469, 329 N.W.2d 150 (1983), the Wisconsin Supreme Court used the definition of negligent entrustment found in the Restatement (Second) of Torts:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Bankert,* 110 Wis.2d at 476, 329 N.W.2d at 153, quoting Restatement (Second) of Torts § 308 (1965). The court also observed that "[n]egligent entrustment is part of the tort of negligent use and operation of the entrusted automobile." *Id.* at 476–77, 329 N.W.2d 150. Thus, although negligent entrustment is a recognized theory of liability, recovery under this theory is predicated on a finding that the person entrusted is liable for causing injury by negligent use.

Thus, there could be no separate or additional recovery under this theory.

■ The defendants argue that summary judgment is appropriate because the plaintiff is unable to establish the elements of negligent entrustment. However, during his deposition Tracy Finn testified that his license had been revoked when he was sixteen for driving while intoxicated. *See* Affidavit of David E. Albright at ¶ 2, p. 6. Tracy was twenty-one at the time of the Grabski injury. The plaintiff is relying on this single violation to support his negligent entrustment theory. Although this evidence is slight, a court deciding a summary judgment motion is not allowed to weigh evidence. *See Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1218 (7th Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). Therefore, the court cannot rule as a matter of law that Grabski is not entitled to proceed on his negligent entrustment theory, so summary judgment will not be granted to the defendants on this issue.

### B. Auto-Owners Insurance Company's Motion for Summary Judgment

The plaintiff filed his amended complaint on August 23, 1984. Contrary to Federal Rule of Civil Procedure 12(a), defendant Auto-Owners did not file an amended answer until March 6, 1986, without leave of court. The defendant also filed an untimely and unauthorized supplemental brief on March 7, 1986. Because this brief contains new evidence, the court will consider the affidavit and attached exhibit submitted in connection with the March 7 brief.

Auto-Owners' Underinsured Motorist Coverage declaration provides:

We will pay all sums which an insured person is legally entitled to recover as damages from the owner or driver of a motor vehicle which is underinsured. An insured person is one who would be entitled to recover under Uninsured Motorist Coverage. Underinsured means a bodily injury liability bond or policy applies but the limits of liability are less than those

shown in the Declarations for this coverage.

We will pay no more than:

(1) the amount by which our limit of liability for this coverage exceeds the total limits of all bodily injury bonds or policies which apply to the party responsible for the damages; and

(2) that part of such damages which exceeds the total limit of all such bonds and policies.

All terms and conditions which apply to Uninsured Motorist Coverage also apply to this coverage.

Affidavit of Thomas J. Regan at ¶ 5 and attachment.

The "Uninsured Motorist Coverage" provision states in part:

We will pay damages for bodily injury which any person occupying or getting in or out of an automobile covered by the Liability Coverage of this policy is legally entitled to recover from the owner or driver of an uninsured motor vehicle. We will also pay damages which another person is legally entitled to recover for care and loss of services of the person injured. The injury must be caused by an accident. The damages must arise out of the ownership maintenance or use of the uninsured motor vehicle. Whether the injured party is legally entitled to recover damages and the amount of the damages shall be determined by agreement between the injured party and use. We will not be bound by any judgment for damages obtained without our written consent.

If you are an individual, we extend this coverage. We will pay bodily damages which you are legally entitled to recover from the owner or driver of any uninsured motor vehicle. We give this same protection to any relative living with you who does not own a car.

An "uninsured motor vehicle" is one to which no bodily injury liability bond or policy applies at the time of the accident in at least the minimum amounts required by the financial responsibility law

where your automobile is normally garaged.

Affidavit of Thomas J. Regan at ¶ 5 and attachment.

■ Auto-Owners points out that Grabski's policy has a $25,000 limit for underinsured motorist coverage, while the limit of Tracy Allen Finn's coverage through his father's policy with Michigan Mutual is $50,000. Thus, Finn does not meet the policy definition of underinsured and Auto-Owners has no duty to provide coverage.

■ The plaintiff argues that the policy provisions on which Auto-Owners relies are invalid under section 631.43(1) of the Wisconsin Statutes which states:

> When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the less of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions....

Wis.Stat. § 631.43(1) (1983–1984).

It is the plaintiff's position that section 631.43(1) prohibits Auto-Owners from excluding coverage for the plaintiff's injuries, unless the plaintiff is fully compensated for his injuries by the other insurance carriers. The plaintiff urges the court to apply, by analogy, Wisconsin cases allowing stacking of uninsured motorist coverage from different policies. *See Tahtinen v. MSI Insurance Company*, 118 Wis.2d 389, 347 N.W.2d 617 (Ct.App.1984), *aff'd*, 122 Wis.2d 158, 361 N.W.2d 673 (1985); *Burns v. Milwaukee Mutual Insurance Company*, 121 Wis.2d 574, 360 N.W.2d 61 (Ct.App.1984). The plaintiff says that "[w]hile it may be true that the language of the Auto-Owners Insurance Company's policy excludes coverage where there is other valid and collectible insurance exceeding $25,000, the statute is clear that no such provision 'may reduce the aggregate protection of the in-

sured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the [combined] if there were no other insurance provisions.'" Brief in Opposition to Auto-Owners Insurance Company's Motion for Summary Judgment at 7. Grabski believes that under section 600.03(26)[2] of the Wisconsin Statutes, all three insurance policies at issue in this lawsuit were issued for his benefit making him an "insured" for purposes of applying section 631.43(1).

In reply, Auto-Owners argues that section 631.43(1) does not apply in this case because there is no question of "other insurance" clauses. Rather, the question revolves around the policy definition of "underinsured." Underinsured motorist coverage is only applicable where another policy exists, but where that other policy has limits lower than the underinsured coverage. Holdings in cases construing uninsured motorist clauses cannot be applied by analogy, because to do so would contravene the definition of underinsured coverage. While *uninsured* insurance requires that no other insurance exists, *underinsured* insurance depends upon a driver having a policy with lower limits.

Auto-Owners has submitted copies of a Stipulation and Order for Dismissal of Claims and Parties and a Stipulation to Release of Claims Against Tracy Allen Finn, Robert Finn and Michigan Mutual Insurance Company. *See* Affidavit of Susan M. Ray at Exhibits A and B. Pursuant to these agreements, the parties agreed to dismiss Grabski's claims against the Finns and Michigan Mutual; to dismiss Edwards Chevrolet's claims against the Finns and Michigan Mutual; to dismiss Michigan Mutual's claims against Edwards and Universal; and to dismiss the Finns and Michigan Mutual as parties to this lawsuit. Auto-Owners was not a party to these agreements under which the other defendants promised to pay Grabski $50,000 (the Michi-

---

2. Wis.Stat. § 600.03(26) provides:

"Insured" means any person to whom or for whose benefit an insurer makes a promise in an insurance policy. The term includes policyholders, subscribers, members and beneficiaries. This definition applies only to chs. 600 to 646 and does not apply to the use of the word in insurance policies.

gan Mutual policy limits) in consideration for the releases. Auto-Owners contends that Grabski entered into this settlement without its consent, contrary to a provision in its policy. It points out that, now that another insurer has paid more than the $25,000 limits of Auto-Owners' underinsured coverage, it has no duty to provide additional benefits to its insured. Auto-Owners also complains that it has lost its right to pursue a subrogation claim against Michigan Mutual.

Due to the late filing of Auto-Owners' supplementary brief, Grabski did not have an opportunity to contest his insurer's assertion that it did not consent to or participate in the settlement agreement. The copy of the agreement shows that it is not signed by Auto-Owners, but this is not conclusive. In any case, the undisputed facts show that Grabski was insured under his father's policy with Auto-Owners Insurance Company. That policy contained an underinsured motorist endorsement with policy limits of $25,000. The endorsement was subject to the terms recited above. After Grabski was injured by a car driven by defendant Tracy Finn, who is an insured under Robert Finn's policy with Michigan Mutual, he settled with those defendants for $50,000. This amount exceeds the $25,000 limit for underinsured coverage under the Auto-Owners policy.

In construing insurance contracts under Wisconsin law, the objective of the court is to ascertain and carry out the intention of the parties. *Home Mutual Insurance Company v. Insurance Company of North America*, 20 Wis.2d 48, 121 N.W.2d 275 (1963). When ambiguous, an exclusionary clause in an insurance contract should be strictly construed against the insurer. *Meiser v. Aetna Casualty and Surety Company*, 8 Wis.2d 233, 98 N.W.2d 919 (1959).

In *Lund v. American Motorists Insurance Company*, 619 F.Supp. 1535 (W.D. Wis.1985), the court, construing an automobile insurance policy under Wisconsin law, stated that:

The construction of ambiguous words and phrases in an insurance policy is generally a question of law. Words or phrases in a policy are ambiguous when they are fairly susceptible to more than one construction. Whether words or phrases in a policy are ambiguous is a question of law. Where no ambiguous words or phrases exist, the Court will not engage in construction, but will merely apply the policy terms. Where ambiguous words or phrases do exist, the Court's objective is to construe the policy so as to carry out the intention of the parties. Words used in the policy should be given their common everyday meaning and should be interpreted reasonably. The test of coverage is what a reasonable person in the insured's position would have believed to be covered.

*Id.* at 1537 (citations omitted).

In this situation the policy terms regarding underinsured motorist coverage are not ambiguous. Therefore, applying the plain meaning of the terms, the court finds that Tracy Finn does not fit the definition of an underinsured driver which would trigger coverage under the Auto-Owners' policy. Auto-Owners' coverage under this provision only applies when the owner or driver of the underinsured vehicle maintains a policy with lower coverage. In this case Finn's policy exceeded the underinsured coverage in Grabski's policy by $25,000. Because Grabski has settled with Finn and his insurer for $50,000, a ruling on Auto-Owners' coverage need not wait until liability is determined. Another insurance policy has already paid more than the Auto-Owner limits. Accordingly, under the terms of the policy, Auto-Owners need not provide additional coverage. *Cf. Hemerley v. American Family Mutual Insurance Company*, 127 Wis.2d 304, 379 N.W.2d 860 (Ct.App.1985) (construing the term "uninsured"). Moreover, the court finds that this policy provision does not contravene section 631.43 of the Wisconsin statutes. By its very nature an underinsurance clause involves the existence of other insurance; but, as Auto-Owners points out, construing an underinsurance provision to pro-

**1048**

vide additional insurance whenever the injured insured has not fully recovered his damages would be to render the term "underinsured" meaningless. The status of being underinsured is measured against another insurance policy, not against the injured party's damages. The plaintiff has cited no Wisconsin authority suggesting that Auto-Owners should provide coverage in this case. Grabski has not claimed that Auto-Owners should provide coverage under any other provision of the policy, so the court will grant summary judgment in favor of defendant Auto-Owners as a matter of law. *See* Federal Rule of Civil Procedure 56.

### ORDER

For the reasons discussed above, the court ORDERS that the Motion for Summary Judgment of Defendants, Edwards and Universal Underwriters Insurance Company (filed January 25, 1985) IS GRANTED IN PART AND DENIED IN PART. Summary judgment is granted in favor of the defendants upon the plaintiff's claim of Edwards' vicarious liability pursuant to section 344.52 of the Wisconsin Statutes. Summary judgment is denied to these defendants upon the plaintiff's claim for Edwards' liability pursuant to the Michigan ownership statute; and upon the plaintiff's claim that Tracy Finn is an insured under the Universal Underwriters policy in favor of defendant Edwards.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment (filed by the plaintiff February 8, 1985) IS GRANTED IN PART AND DENIED IN PART. Summary judgment is granted in favor of the plaintiff on the issue of Edwards' direct liability under section 257.401 of the Michigan Compiled Laws for the negligence, if any, of defendant Tracy Allen Finn and on the issue of Tracy Allen Finn's status as an insured under the Universal policy. Summary judgment is denied to the plaintiff on his claim that Edwards and Universal are directly liable to the plaintiff under section 344.52 of the Wisconsin Statutes.

IT IS FURTHER ORDERED that Defendant, Auto-Owners Insurance Company's Motion for Summary Judgment (filed February 27, 1985) IS GRANTED and defendant Auto-Owners is dismissed as a party to this lawsuit.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment (filed by defendants Tracy Allen Finn, Robert Finn and Michigan Mutual March 6, 1985) IS DENIED because it is moot.

IT IS FURTHER ORDERED that the parties must submit a stipulation and proposed order within ten (10) days of the date of this order amending the caption of this case to reflect the dismissal of Tracy Allen Finn, Robert Finn, Michigan Mutual Insurance Company and Auto-Owners Insurance Company as parties to this lawsuit.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin this 18th day of March, 1986.