Mary J. KRAUSE and Jack Krause, Plaintiffs-Respondents,†

v.

MASSACHUSETTS BAY INS. CO., a foreign insurance corporation, Defendant-Appellant,

HEALTH PROTECTION PLAN, Defendant.

Court of Appeals

*No. 90–1504. Oral argument February 22, 1991.—Decided March 12, 1991.*

(Also reported in 468 N.W.2d 755.)

†Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the briefs of and orally argued by *Thomas J. Binder* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

On behalf of plaintiffs-respondents, the cause was submitted on the brief of and orally argued by *Steven G. Danielson* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

On behalf of the Wisconsin Academy of Trial Lawyers, the cause was submitted on the amicus curiae brief of *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Massachusetts Bay Insurance Company, the plaintiffs' automobile liability insurer, appeals a summary judgment allowing the plaintiffs to stack the underinsured motorist (UIM) benefits of their

Mass Bay policy.[1] The circuit court reasoned that Mass Bay's insurance contract should be construed as two policies because the insured plaintiffs were charged two separate premiums for coverage of their vehicles, and any attempt by Mass Bay to avoid aggregate coverage through its "Limit of Liability" clause runs afoul of Wisconsin's stacking statute, sec. 631.43(1), Stats. We agree and affirm.

The relevant facts are undisputed; only a question of law is presented and thus partial summary judgment is appropriate. *Kane v. Employers Ins.,* 142 Wis. 2d 702, 705, 419 N.W.2d 324, 326 (Ct. App. 1987). The plaintiffs, Mary and Jack Krause, were involved in an auto accident and Mary was injured. It is stipulated that the other driver was solely at fault, and his insurer paid its $25,000 policy limits to the Krauses, an amount insufficient to cover the plaintiffs' losses. The Krauses have a single Mass Bay insurance contract covering two vehicles with separate UIM coverage for each in the amount of $300,000 and $1,000 for each for medical pay. The Krauses pay separate premiums for each coverage. The Mass Bay contract contains UIM limit of liability provisions that read:

> The *limit of liability shown . . .* for this coverage *is our* maximum *limit* of liability for all damages resulting *from any one accident.* This is the most we will pay *regardless of* the *number of:*
> 1. Covered persons;
> 2. Claims made;

---

[1] This court granted leave to appeal by order dated August 7, 1990. The circuit court's decision is not appealable as of right under sec. 808.03, Stats., because the plaintiffs' damages have yet to be determined. The Wisconsin Academy of Trial Lawyers has filed a brief amicus curiae in support of the plaintiffs' position.

3. Vehicles or *premiums* shown in the Declarations; or

4. Vehicles involved in the accident. (Emphasis added.)

The Krauses seek to stack the UIM and medical payment coverages despite the preceding language. They rely on sec. 631.43(1), Stats.:

> *When 2 or more policies* promise to *indemnify an insured* against the same loss, *no "other insurance" provisions* of the policy *may reduce the aggregate protection* of the insured below the lesser of the insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions. (Emphasis added.)

Mass Bay, meanwhile, seeks to escape the confines of this statute through several routes: first, insisting that it issued one policy, not two; second, that the statute has reference only to mandatory insurance; and, third, that Mass Bay's limit of liability clause is not the "other insurance" clause voided by the statute.

■

Mass Bay's first route is blocked because this court previously ruled that where a single insurance contract incorporates indemnity coverage for two vehicles, charging separate unit premiums, the insurer has issued two policies within the meaning of sec. 631.43, Stats. *Burns v. Milwaukee Mut. Ins. Co.,* 121 Wis. 2d 574, 576–79, 360 N.W.2d 61, 63-64 (Ct. App. 1984). The *Burns* court adopted the reasoning of the Michigan Court of Appeals, holding that from the viewpoint of the insured, two separate premiums for two vehicles amounts to two policies of insurance despite the existence of a single physical document. *Id.* at 578, 360 N.W.2d at 63-64.

Mass Bay also argues that *Burns'* "two-premiums—two policies" analysis is in error because it conflicts with a subsequent statement by the supreme court in *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 361 N.W.2d 673 (1985), that says:

When we look to the plain meaning of sec. 631.43(1), Stats., we find that the legislative intent is clearly and unambiguously set forth in the first sentence of the statute.

. . ..

This sentence clearly refers to *policies,* without limitation or qualification, not to *companies.* We agree with the court of appeals that the common and accepted meaning of the term "policies" is more than one policy, regardless of whether the same or different insurers have issued them.

*Id.* at 167, 361 N.W.2d at 678 (emphasis in original). We see no conflict. The quoted excerpt from *Tahtinen* does not address the question answered in *Burns.* In *Tahtinen,* the insurer had issued three separate insurance contracts (three tangible documents). The supreme court was merely rejecting the insurance company's suggestion that the "2 or more policies" language of the statute was intended to mean policies issued by different insurance companies and not to multiple policies from a single insurer. *Tahtinen* had no occasion to address the issue in *Burns,* i.e., the payment of separate premiums for separate coverage but set forth in one physical document. *Burns* is therefore still good law.

Mass Bay next maintains that the provisions of sec. 631.43(1), Stats., apply only to insurance that the company is mandated to provide by statute. If this were so, because UIM coverage is not mandated, the anti-stack-

ing provisions of the policy here would not violate sec. 631.43(1). This argument was rejected in *Wood v. American Fam. Mut. Ins. Co.,* 148 Wis. 2d 639, 436 N.W.2d 594 (1989), and the plaintiff was permitted to stack UIM coverage. *Wood* held: "Section 631.43(1) has no reference, explicit or inferential, which limits the application of the statute, as [the insurer] suggests, to cases involving statutorily mandated insurance coverage." *Id.* at 647, 436 N.W.2d at 597. "This court will not read into sec. 631.43(1) a limitation which the legislature has not seen fit to include in the statute." *Id.* at 649, 436 N.W.2d at 598. A statement to the contrary, found in *Mills v. Wisconsin Mut. Ins. Co.,* 145 Wis. 2d 472, 427 N.W.2d 397 (Ct. App. 1988), was implicitly overruled by *Wood.*

Insofar as Mass Bay's last argument is concerned, that its "Limit of Liability" clause is distinct from "other insurance" clauses voided by the statute, *Tahtinen* suggests otherwise. The "other insurance" clause voided by the court in *Tahtinen* read as follows: "With respect to *any* occurrence, *accident,* or loss to which this and any other automobile insurance policy issued to the named insured by the Company also applies, *the total limit of the* Company's *liability under all such policies shall not exceed* the highest applicable limit of liability under any one such policy." *Id.* at 161, 361 N.W.2d at 675 (emphasis added). We fail to see the difference in the Mass Bay provision. Section 631.43(1), Stats., "invalidate[s] attempts by insurers to avoid their statutory obligations to compensate the insured up to the aggregated policy limits of the insured's coverage . . .." *Welch v. State Farm Mut. Auto. Ins. Co.,* 122 Wis. 2d 172, 178, 361 N.W.2d 680, 683 (1985).

Further, Mass Bay concedes that its declaration page shows that it charged separate premiums of $7 each for the two covered vehicles. It must be assumed that parties to a contract had knowledge of the law in effect at the time of the agreement. *Menard v. Sass,* 127 Wis. 2d 397, 399, 379 N.W.2d 344, 345 (Ct. App. 1985). This presumption includes both statutes and case law. *In re Mitchell,* 50 Wis. 2d 499, 504, 184 N.W.2d 853, 856 (1971). The *Burns* decision was filed in 1984 and *Tahtinen* in 1985. The amended declaration page of Mass Bay's policy charging separate premiums was issued on October 8, 1986. There is therefore a presumption that the parties to this insurance contract reached their agreement with an awareness of these prior holdings.

*By the Court.*—Judgment affirmed.