**Donald H. LUND, Plaintiff,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, a foreign insurance corporation, Defendant.**

No. 85–C–594–S.

United States District Court,
W.D. Wisconsin.

Oct. 21, 1985.

Gordon Davenport III, Foley & Lardner, Madison, Wis., for plaintiff.

Briony Jean Foy of Jenswold, Studt, Hanson, Clark & Kaufmann, Madison, Wis., for defendant.

MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Donald H. Lund brings this action to compel the defendant American Motorists Insurance Company to defend him in a state court action in which damages are claimed and to pay any adjudged damages. Plaintiff contends that the defendant's refusal to defend him is in bad faith and therefore also requests punitive damages.

Plaintiff was covered by an insurance policy during part of the 1960's that obligated defendant to pay for damages "caused by accident" during the policy period and to defend plaintiff in a court action in which such damages were claimed. In

1985 plaintiff was sued in state court for damages and asked defendant to defend him in the state court action. Defendant refused, contending that the damages involved were not caused by an accident that occurred during the policy period.

Plaintiff and the defendant have both moved for summary judgment. There is no genuine issue with respect to any material facts. The only issue, interpretation of the word "accident" in the insurance policy, is a question of law. Therefore, summary judgment is appropriate.

## FACTS

Plaintiff Lund is an adult resident of Dane County, Wisconsin. Defendant American Motorists Insurance Company is an insurance corporation incorporated under the laws of Illinois, with its principal place of business located in Illinois. American Motorists has been authorized to do business in Wisconsin and has in fact been doing business in Wisconsin.

Lund has been named as a defendant in a Wisconsin court action. Plaintiffs in the state court action allege that in the early 1960's Lund negligently designed and constructed the roof of an apartment building located at 1667 Capital Avenue, Madison, Wisconsin. This negligence, according to the state court plaintiffs, caused the roof to collapse on or about February 27, 1984.

During the time that Lund designed and constructed the apartment building there was in effect a policy of comprehensive general liability insurance issued to Lund by American Motorists. The acts and omissions by Lund that the plaintiffs in the state court action allege were negligent occurred while this insurance policy was in effect. The American Motorists policy issued to Lund contained the following language regarding property damage liability:

*Coverage B—Property Damage Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident.*

*IV. Policy Period, Territory.* This policy applies only to *accidents which occur during the policy period* within the United States of America, its territories or possessions, or Canada.

Emphasis added.

When American Motorists was advised by Lund that the state court plaintiffs had demanded payment for the property damage resulting from the collapse of the roof from Lund before commencing litigation, American Motorists denied coverage for the claim under the policy on the grounds that the "accident" did not occur during the policy period. After the state court action was commenced, Lund tendered the defense of that action to American Motorists by letter from his counsel dated June 20, 1985. Enclosed with this letter were copies of *Kremers-Urban Co. v. American Employers Insurance Co.*, 119 Wis.2d 722, 351 N.W.2d 156 (1984) and *Western Casualty & Surety Co. v. Budrus*, 112 Wis.2d 348, 332 N.W.2d 837 (Ct.App.1983). American Motorists received the June 20, 1985, letter and enclosed case decisions, and reviewed those decisions. After reviewing the June 20, 1985, letter and the enclosed decisions, American Motorists rejected the tender of the defense and continued in its denial of coverage on the grounds that the "accident" did not occur during the policy period.

## MEMORANDUM

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

The liability insurance policy issued to Lund by American Motorists provides coverage for property damage "caused by accident," where the accident occurs "during the policy period." Lund's alleged negligence in designing and constructing the roof of the apartment building occurred during the policy period, but the collapse of the roof occurred after the policy had expired. The question, then, is whether Lund's alleged negligent acts constitute an accident during the policy period under the policy language and Wisconsin law.

■ The construction of ambiguous words and phrases in an insurance policy is generally a question of law. Words or phrases in a policy are ambiguous when they are fairly susceptible to more than one construction. Whether words or phrases in a policy are ambiguous is a question of law. Where no ambiguous words or phrases exist, the Court will not engage in construction, but will merely apply the policy terms. Where ambiguous words or phrases do exist, the Court's objective is to construe the policy so as to carry out the intention of the parties. Words used in the policy should be given their common everyday meaning and should be interpreted reasonably. The test of coverage is what a reasonable person in the insured's position would have believed to be covered. *Kremers-Urban Co. v. American Employers Insurance Co.*, 119 Wis.2d 722, 735–36, 351 N.W.2d 156, 163 (1984); *Western Casualty & Surety Co. v. Budrus*, 112 Wis.2d 348, 350–51, 332 N.W.2d 837, 839 (Ct.App.1983).

■ The phrases "caused by accident" and "accidents which occur during the policy period" are not defined in the liability insurance policy. The plaintiff contends that the term "accident" is the same as the term "occurrence" and that therefore the Wisconsin Supreme Court's interpretation of the term "occurrence" in *Kremers-Urban* dictates that Lund's negligent act was an accident that would invoke insurance coverage. The defendant contends that an "accident" is not the same as an "occurrence." Instead, defendant contends, an "accident" is an unprecedented, sudden and unexpected event resulting in damages; Lund's negligent act or omission is not such an event and, therefore, there is no insurance coverage.

After reviewing each party's contentions, the Court finds that the phrases "caused by accident" and "accidents which occur during the policy period" are ambiguous. Accordingly, the Court will construe the contractual phrases so as to carry out the parties' reasonable intentions.

Accident is defined in the Webster's New International Dictionary (2nd Edition, Unabridged) as:

> 1. Literally, a befalling. a. An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event ....

Cases applying Wisconsin law that construe the term "accident" are in accordance with the above definition.

In *Koehring Co. v. American Automobile Insurance Co.*, 353 F.2d 993 (7th Cir. 1965), the insured was covered by an insurance policy that obligated the insurer to pay damages caused by accident. The issue in *Koehring* was whether damages caused by the insured's installation of inadequate cylinders in two cement mixers and the mixers' subsequent breakdown were damages "caused by accident." The *Koehring* court found that the breakdown of the mixers was an "accident." The court stated:

> We think it evident that in the context in which it is used in the policy provision here involved that the word "accident" refers to the event or occurrence which produced the damages and does not require that the conduct of the insured upon which the liability for the damages is predicated—here the intentional installation of a certain type of hydraulic cylinder which happened to prove inadequate—be "accidental" in the sense of an involuntary or unintentional act of the insured.

*Koehring*, 353 F.2d at 996–97.

The *Koehring* court's distinction between an event which produced damages and an event upon which the liability for damages was predicated, implicitly reflected the court's conclusion that the manufacturer's negligence in installing inadequate cylinders was not an accident. While the manufacturer's negligence in installing inadequate cylinders was the event upon which the liability for damages was predicated, the mixer's breakdown was the accident or event that produced damages.

Another Wisconsin case that interpreted the word "accident" was *Clark v. London & Lancashire Indemnity Co.*, 21 Wis.2d

268, 124 N.W.2d 29. In *Clark*, plaintiff was covered by an insurance policy that obligated the defendant insurance company to pay damages "caused by accident." The crucial issue in *Clark* was whether damages caused by a long-continuing course of action constituted damages "caused by accident" within the meaning of the policy. The court held that where a long-continuing nuisance condition alone caused the damage, without the concurrence of some other event, the damage was not "caused by accident." The *Clark* court cited a number of opinions from other jurisdictions for support. The *Clark* court also cited a contrary case.

A case contra to the hereinbefore-cited nuisance cases is *Wolk v. Royal Indemnity Co.* (1961), 27 Misc.(2d) 478, 210 N.Y.Supp.(2d) 677. There suit was brought on a contractor's liability policy, which contained the usual "caused by accident" provision, to recover the expenses the insureds incurred in defending a damage action. This latter action had been instituted against the insureds which charged that, in constructing a golf course, they had changed the. contour of the land so as to artificially raise hills and mounds near the boundary line. It was further alleged that when it rained this condition caused water to be funneled with great force onto the neighboring land causing great damage, and that this damage was the result of the original construction and maintenance thereafter of the condition causing injury. The insureds defended the action, and secured its dismissal. The court held that the damage claimed in this prior nuisance action was "caused by accident" within the meaning of the policy. We believe that this is a minority view and extends the meaning of the word "accident" beyond its common and ordinary meaning.

*Clark*, 21 Wis.2d at 282, 124 N.W.2d at 36. The *Clark* court's rejection of the *Wolk* holding implicitly demonstrated the court's position that any negligence in constructing the golf course was not an "accident" that would invoke insurance coverage.

*Koehring* and *Clark* clearly demonstrate that in the early 1960's, negligence unaccompanied by a contemporaneous, undesigned, sudden, and unexpected event that produced damage was not an "accident." Therefore, a reasonable person in Lund's position in the early 1960's would not have believed that Lund's negligence in designing and constructing the apartment building roof was an "accident" that would invoke insurance coverage because it was not accompanied by a contemporaneous, undesigned, sudden, and unexpected event that produced damage.

Plaintiff contends that his negligence in designing and constructing the apartment building roof alone constitutes an "accident." Plaintiff's contention relies heavily on *Kremers-Urban Co. v. American Employers Insurance Co.*, 119 Wis.2d 722, 351 N.W.2d 156 (1984) and *Western Casualty & Surety Co. v. Budrus*, 112 Wis.2d 348, 332 N.W.2d 837 (1983). The applicable insurance policies in *Kremers-Urban* and *Budrus* provided coverage for damages caused by an "occurrence." In most cases, the definition of "occurrence" contained the word "accident."

Plaintiff contends that there is no difference between the word "occurrence" and the word "accident" for purposes of deciding whether the negligent acts are an "accident" within the meaning of the policy. The Court does not agree. The difference between the word "occurrence" and the word "accident" was set forth in *Patrick v. Head of the Lakes Cooperative Electric Ass'n*, 98 Wis.2d 66, 69–70, 295 N.W.2d 205, 207 (Ct.App.1980).

The term "occurrence" originally came into use in insurance policies because a restrictive construction of the term "accident" proved unsatisfactory to the insured, the public, and the courts. The purpose of using "occurrence" rather than "accident" was to expand coverage. 7A Appleman, *Insurance Law and Practice* § 4492 (1979). Its use permits con-

sideration of the state of mind of the actor as it relates to the resultant damage, rather than only as it relates to causation. 7A Appleman, *supra* § 4492.-02. Its use affords coverage for an intended act and an unintended result if they cause damage unintended from the standpoint of the insured.

· As *Patrick* made clear, the purpose of using "occurrence" rather than "accident" was to expand coverage. Therefore, any reliance on cases that construe the more expanded word "occurrence" is misplaced.

The Court, therefore, holds that the plaintiff's alleged negligence in designing and constructing the apartment building roof is not an accident during the policy period within the meaning of the insurance policy language. The insurance policy does not provide coverage for the claims made against Lund in the state court actions. Where there is no coverage, defendant has no duty to defend Lund in the state court action or to indemnify him for any judgment against him or for his costs and expenses in that action. Because defendant had no duty to defend Lund, defendant's refusal to defend cannot be in bad faith.

Accordingly,

### ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED, with costs.