**Donald H. LUND, Plaintiff-Appellee,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, a foreign insurance corporation, Defendant-Appellant.**

**No. 85–2909.**

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1986.

Decided Aug. 8, 1986.

Rehearing and Rehearing En Banc Denied Sept. 8, 1986.

Gordon Davenport, III, Foley & Lardner, Madison, Wis., for defendant-appellant.

Briony Jean Foy, Henswold Studt Hanson Clark & Kaufmann, Madison, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, BAUER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff Donald H. Lund brought an action to compel the defendant, his former insurance company, to defend him in a Wisconsin state court action seeking damages for Lund's alleged negligence in designing the roof of an apartment building that collapsed. This alleged negligence occurred

during the policy period, but the collapse of the roof occurred after the policy had expired. The question then is whether the plaintiff's alleged negligent acts constitute an "accident" or an "occurrence" during the policy period under the policy language and Wisconsin law. The district court found for the defendant, 619 F.Supp. 1535, but because of subsequent Wisconsin state case law we hold that the terms "accident" and "occurrence" are synonymous in Wisconsin and thus we must reverse the district court.

### I.

Donald Lund designed and constructed an apartment building in Madison, Wisconsin in the early 1960s. At that time Lund was covered by a comprehensive general liability insurance policy issued by American Motorists Insurance Company. The American Motorists policy issued to Lund contained the following language regarding property damage liability:

*Coverage B—Property Damage Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident.*

*IV. Policy Period, Territory.* This policy applies only to *accidents which occur during the policy period* within the United States of America, its territories or possessions, or Canada.

[Emphasis added.] The policy thus provides coverage for property damage "caused by accident," and applies to "accidents which occur during the policy period."

In 1984 the roof of the apartment building collapsed during a reroofing project in which a roofing contractor stacked bundles of shingles on the roof. When American Motorists was advised by Lund that the state court plaintiffs had demanded payment for the property damage resulting from the collapse of the roof, American Motorists denied coverage on the grounds that the "accident" did not occur during the

policy period. After the state court action was commenced, Lund tendered the defense of that action to American Motorists by letter from his counsel. Enclosed with this letter were copies of the opinions in *Kremers-Urban Co. v. American Employers Insurance Co.,* 119 Wis.2d 722, 351 N.W.2d 156 (1984) and *Western Casualty & Surety Co. v. Budrus,* 112 Wis.2d 348, 332 N.W.2d 837 (Ct.App.1983). American Motorists received the letter and enclosed case decisions, and reviewed those decisions. After reviewing the materials American Motorists rejected the tender of the defense and continued in its denial of coverage on the grounds that the "accident" did not occur during the policy period.

Lund responded by bringing the present diversity action against American. The district court, with jurisdiction under 28 U.S.C. § 1332, decided the matter on cross-motions for summary judgment. In its written decision, it denied Lund's motion for summary judgment and granted American's cross-motion. It then entered final judgment dismissing Lund's complaint. The district court based its decision on a finding that the terms "accident" and "occurrence" were not synonymous under Wisconsin state law. The applicable insurance policies in the two cases that Lund relies on, *Kremers-Urban* and *Budrus,* provided coverage for damages caused by an "occurrence" rather than the word "accident" that is used in the policy at issue here. The district court found the difference was set forth in *Patrick v. Head of the Lakes Cooperative Electric Ass'n,* 98 Wis.2d 66, 69–70, 295 N.W.2d 205, 207 (Ct.App.1980):

The term "occurrence" originally came into use in insurance policies because a restrictive construction of the term "accident" proved unsatisfactory to the insured, the public, and the courts. The purpose of using "occurrence" rather than "accident" was to expand coverage. 7A Appleman, *Insurance Law and Practice* § 4492 (1979). Its use permits consideration of the state of mind of the

actor as it relates to the resultant damage, rather than only as it relates to causation. 7A Appleman, *supra* § 4492.-02. Its use affords coverage for an intended act and an unintended result if they cause damage unintended from the standpoint of the insured.

The district court found that the purpose of using "occurrence" rather than "accident" was to expand coverage. Therefore, any reliance on cases that construe the more expanded word "occurrence" was misplaced.

In addition, the district court found that *Koehring Co. v. American Automobile Insurance Co.*, 353 F.2d 993, 996–97 (7th Cir.1965) and *Clark v. London and Lancashire Indemnity Co.*, 21 Wis.2d 268, 282, 124 N.W.2d 29, 36 (1963) "implicitly" supported the defendant's position by demonstrating that in the early 1960s, negligence unaccompanied by a contemporaneous, undesigned, sudden, and unexpected event that produced damage was not an "accident." The district court found that a reasonable person in Lund's position in the early 1960s would not have believed that Lund's negligence in designing and constructing the apartment building roof was an "accident" that would invoke insurance coverage, because it was not accompanied by a contemporaneous, undesigned, sudden, and unexpected event that produced damage.

## II.

■ This diversity action is governed by the substantive law of Wisconsin. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "The Wisconsin courts hold that, in general, construction of insurance policies is a question of law, which may be redetermined independently on appeal. *Kraemer Bros. v. United States Fire Insurance,* 89 Wis.2d 555, 561, 278 N.W.2d 857, 860 (1979)." *Bradley Bank v. Hartford Accident and Indemnity Company,* 737 F.2d 657, 660 (7th Cir.1984). Construction of a contract involves a question of fact only where its words are ambiguous and require construc-

tion by reference to extrinsic facts. *Welter v. Singer,* 126 Wis.2d 242, 248, 376 N.W.2d 84 (Ct.App.1985). In Wisconsin, "[t]he words 'accident' and 'occurrence' are words of common usage and, in and of themselves are not ambiguous." *Id., citing Olsen v. Moore,* 56 Wis.2d 340, 346–47, 202 N.W.2d 236, 239 (1972). Therefore, we owe no deference to the district court's interpretation of the words "accident" or "occurrence." *Welter,* 126 Wis.2d at 249, 376 N.W.2d 84.

We find that Wisconsin has adopted the "negligent act" rule of insurance coverage. Wisconsin courts have found that, in general, the negligent act (such as the negligent design and construction of the roof), as opposed to the resulting damage (the collapse of the roof), triggers coverage under the insurance policy. *Kremers-Urban Company v. American Employers Insurance Co.,* 119 Wis.2d 722, 351 N.W.2d 156 (1984); *Western Casualty & Surety Co. v. Budrus,* 112 Wis.2d 348, 332 N.W.2d 837 (Ct.App.1983); *Fidelity & Deposit Co. of Maryland v. Verzal,* 121 Wis.2d 517, 361 N.W.2d 290 (Ct.App.1984).

For example, *Kremers-Urban* involved a dispute over insurance coverage for DES claims. Beginning in 1974, Kremers-Urban was sued in a large number of DES cases. Kremers-Urban had been insured from 1954 to 1976 under liability policies issued by one of the Commercial Union Assurance Companies. Kremers-Urban tendered the defense of the cases to Commercial Union, which denied coverage on the grounds that coverage was triggered by the *manifestation* of the injuries (development of cancer), that occurred after the policy period, rather than by the alleged *wrongful act* (sale of the DES), which occurred during the policy period. Kremers-Urban brought a Wisconsin action to enforce coverage and to determine whether the wrongful act or the manifestation of the injury triggered coverage under the policies.

Various different versions of the liability policies were in effect at different times from 1954 to 1976. Some of them defined "occurrence" as an "accident," while others

did not define the term "occurrence." In *Kremers-Urban* the court found the language in the earlier policies to be unambiguous, and held that it required only that the accident or occurrence take place during the policy period, and not the resulting injury, because nothing in the policy said the resulting injury had to occur during the policy period:

> There is no provision in the policy which limits coverage to bodily injury, sickness or disease resulting during the policy period. The accident or occurrence must have happened during the policy period. That is all that is required. What happens thereafter is a matter of cause, cause in fact and proximate cause.

*Id.*, 119 Wis.2d at 741, 351 N.W.2d 156.

According to the Wisconsin Supreme Court, if the insurer wanted to limit coverage to accidents that resulted in injury during the policy period it must say so, as the insurers did in some of the later policies. The court held that the marketing and ingestion of DES constituted the required occurrence under the earlier policies. *Id.* at 742–43, 351 N.W.2d 156. Therefore it was the alleged wrongful act that triggered coverage, without regard to when the resulting injury occurred.

The court explained that this result was consistent with what the insured would have reasonably understood the policy language to mean and to cover. *Id.* at 740–42, 351 N.W.2d 156. A reasonable insured would have understood that the earlier policies provided coverage for anything that happened during the policy period that subsequently resulted in liability for damages. *Id.*

> Although Commercial Union in hindsight may prefer to have limited what events or occurrences trigger insurance coverage, when it has failed to do so in the insurance contract itself, this court will not rewrite the contract to create a new contract to release the insurer from a risk it could have avoided through a more foresighted drafting of the policy.

*Id.* at 743–44, 351 N.W.2d 156.

*Kremers-Urban* establishes that Wisconsin occurrence-basis policies, when they use the word "occurrence," are triggered by the negligent or wrongful act, not the resulting injury, unless the policy specifically states that the resulting injury must occur during the policy period. Lund argues that since his policy contains no such requirement, and since his alleged negligent acts occurred during the policy period, that policy provides coverage.

But as we noted in section I of this opinion, the district court found that the term "occurrence," which was used in the Kremers-Urban policies, was intended to encompass more than the term "accident," which was used in the policies at issue here. For this reason, the district court found that *Kremers-Urban* is not dispositive.

However, after the district court's opinion in this case, the Wisconsin Court of Appeals decided *Welter v. Singer*, 126 Wis.2d 242, 376 N.W.2d 84 (Ct.App.1985). In *Welter* the Court found, citing *Olsen v. Moore*, 56 Wis.2d 340, 351, 202 N.W.2d 236, 241 (Ct.App.1972), that "the terms 'occurrence' and 'accident' are synonymous in the context of liability insurance." *Welter*, 126 Wis.2d at 248–49, 376 N.W.2d 84. The court went on to state:

> Courts facing this issue have taken one of two positions: that the terms "accident" and "occurrence" refer to the cause, or that they refer to the result of the event to which liability is attributed. The Wisconsin Supreme Court, in *Olsen v. Moore, supra*, joined the majority of jurisdictions by adopting the "cause" analysis. That is, where a single, uninterrupted cause results in all of the injuries and damage, there is but one "accident" or "occurrence." If the cause is interrupted or replaced by another cause, the chain of causation is broken and there has been more than one accident or occurrence. *Olsen*, 56 Wis.2d at 349, 202 N.W.2d at 240.

*Welter*, at 250.

This language makes clear that Wisconsin is a "negligent act" state for policies that use either the word "accident" or "oc-

currence." The distinction made by the district court is no longer a colorable interpretation of Wisconsin law, and summary judgment must be entered in favor of Lund because both parties agree that there is no factual dispute. American Motorists Insurance Company is obligated to defend Lund in the Wisconsin state court action and to indemnify him for any liability he may incur, or has already incurred, as a result of any resolution or settlement of that action.

### III.

■ In addition to his assertion that American is obligated to indemnify and defend him in the state court action, Lund contends that American's continued denial of coverage after having been given an opportunity to review *Kremers-Urban* and *Budrus* is in bad faith. Since the district court concluded there was no coverage, it necessarily concluded there was no bad faith.

An insurer's denial of a claim is in bad faith under Wisconsin law when the validity of the claim is not "fairly debatable." *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 691, 271 N.W.2d 368 (1978). A claim is not fairly debatable when there is an absence of a reasonable basis for denial of policy benefits. *Id.* at 693, 271 N.W.2d 368. In addition, the insurer must have knowledge of the absence of a reasonable basis *or* act with reckless disregard of the absence of a reasonable basis. *Id.*

We find that the issue before the district court was "fairly debatable," particularly in view of the district court's holding. The fact that American knew of *Kremer-Urban* and *Budrus* cannot be said to be enough, in these particular circumstances, to prove knowledge of the absence of a reasonable basis or reckless disregard of the absence of a reasonable basis.

Under *Kremers-Urban,* Lund is entitled to recover the attorneys' fees and expenses he incurred in defending the state court action before American takes over the defense. 119 Wis.2d at 745. However, the attorney's fees incurred by Lund in bring-ing this action to enforce coverage are not recoverable without a finding of bad faith.

### IV.

For the above reasons, the district court is reversed in part and affirmed in part.