RELIANCE INSURANCE
COMPANY, Plaintiff,

v.

BARILE EXCAVATING & PIPELINE
CO., INC. and City of Winter
Haven, Defendants.

BARILE EXCAVATING & PIPELINE
CO., INC., Cross–Plaintiff,

v.

CITY OF WINTER HAVEN and M.
Vincent Potheroe, P.E., Consulting
Engineers, Cross–Defendants.

No. 85–915–Civ–T–10.

United States District Court,
M.D. Florida,
Tampa Division.

March 23, 1988.

Bruce Charles King, Kimbrall & Ham-ann, Miami, Fla., for Reliance Ins. Co.

Ronald Robey, Smith, Currie & Hancock, Atlanta, Ga., for Barile.

Steven Bull, Bull & Mize, Orlando, Fla., for City of Winter Haven and Potheroe.

## ORDER

HODGES, Chief Judge.

This is a declaratory judgment action in which Plaintiff Reliance Insurance Company ("Reliance") seeks a determination of its rights and obligations under a performance bond issued to Defendant City of Winter Haven ("Winter Haven"). Winter Haven has filed a counterclaim alleging breach of contract (Count I) and bad faith (Counts II and III).[1]

Before the Court is Reliance's motion for summary judgment as to Counts II and III, filed pursuant to Rule 56, F.R.Civ.P. Winter Haven has filed a response.

Count II alleges that Reliance violated Fla.Stat. § 624.155 [2] by, *inter alia*, failing

---

1. A fourth count of the counterclaim, alleging misrepresentation, was dismissed by the Court's Order of October 5, 1987.

2. Section 624.155 provides in part:

(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:

to adopt and implement standards for proper investigation of claims, misrepresenting pertinent facts relating to coverages at issue, failing to acknowledge and act promptly upon communications with respect to claims, failing to attempt to settle claims in good faith, and failing to settle claims when the obligation to do so has become reasonably clear.

Reliance argues that, as a matter of law, even if it is found liable for breach of contract for its decision not to pay Winter Haven's claim, it cannot be found to have acted in bad faith if it establishes that the validity of Winter Haven's claim is "fairly debatable."

■ Reliance's argument is well taken with respect to Winter Haven's allegations relating to Reliance's failure to settle its claim. Although no Florida caselaw appears to be directly on point, persuasive authority from other jurisdictions supports the view that a finding of bad faith on the part of an insurance company can only be reached if the disputed insurance claim is determined not to be "fairly debatable." *See e.g., Lund v. American Motorists Insurance Co.,* 797 F.2d 544, 548 (7th Cir. 1986) (applying Wisconsin law); *Dempsey v. Auto Owners Insurance Co.,* 717 F.2d 556, 560 (11th Cir.1983) (applying Alabama law); *Safeco Insurance Company of America v. Guyton,* 692 F.2d 551, 557 (9th Cir.1982) (applying California law). A claim is not "fairly debatable" only when there is an absence of a reasonable basis for denial of policy benefits. *See e.g., Guyton, supra.*

■ Winter Haven's insurance claim against Reliance is based on a performance bond issued by Reliance in which Winter Haven was named as the Obligee and Barile Excavating & Pipeline Company, Inc. ("Barile") was named as Principal. The bond obligates Reliance, *inter alia,* to pay for all losses and damages incurred by Winter Haven in the event Barile breached the construction contract it had with Winter Haven. Winter Haven alleges that Barile has breached their contract and Reliance refuses to provide the compensation listed in the terms of the performance bond.

To support its argument that the validity of Winter Haven's claim was, at a minimum, fairly debatable, Reliance has offered the deposition testimony of a number of individuals who are familiar with the facts of this case. Mr. Jim Little, Bond Claims Manager for United Pacific Surety Managers, testified that "it was felt [by his consultants] that there were situations that might be construed as breaches [by Barile], but they were not material breaches, so [they] did not warrant a default." Grady Garms, a contractor for the engineering consultant group retained by Reliance to investigate Winter Haven's default of Barile testified similarly. Mr. Garms stated that it was his opinion that "Barile had proceeded diligently and was proceeding diligently." Further, Mr. Garms believed that because Barile had one pay request outstanding, "the City may be in material breach itself, by failing to pay Barile."

The deposition testimony establishes that there is not "an absence of a reasonable basis for [the] denial of policy benefits" in this case. *Lund, supra,* 797 F.2d at 548.

---

1.  Section 626.9541(1)(i), (*o*), or (x);
... or
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests ...
Section 626.9541(1)(i) provides in part:
(1) Unfair methods of competition and unfair or deceptive acts.—The following are defined as unfair methods of competition and unfair or deceptive acts or practices:

(i) Unfair claim settlement practices.—

3.  Committing or performing with such frequency as to indicate a general business practice any of the following:
a.  Failing to adopt and implement standards for the proper investigation of claims;
b.  Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
c.  Failing to acknowledge and act promptly upon communications with respect to claims;
d.  Denying claims without conducting reasonable investigations based upon available information; ...

Therefore, the Court concludes that since the validity of Winter Haven's claim is at least fairly debatable, Winter Haven may not proceed with its claim for bad faith with respect to its allegation that Reliance failed to properly settle its claim.

Accordingly, Reliance's motion for summary judgment on Count II of the counterclaim is GRANTED.[3]

Reliance has also moved for summary judgment on Count III which alleges a common law bad faith claim. Reliance argues that Winter Haven cannot, as a matter of law, pursue this claim because it is a first party insured and Florida law does not recognize first party claims for bad faith at common law.[4]

Reliance is correct that Florida does not permit first party bad faith claims at common law. *See Industrial Fire & Casualty Insurance Co. v. Romer*, 432 So.2d 66 (Fla. 4th DCA 1983). Third party bad faith claims may be asserted at common law, however. *Id.* A first party claim is a suit by an insured against his insurance company because of its failure to settle *his* claim. A third party claim is one brought by an insured against his insurance company because of its failure to settle a *third party* tort claim for a reasonable sum. *Id.* The issue the Court must resolve, therefore, is whether the factual situation presented here is more akin to a first party or a third party claim.[5]

The rationale for making a distinction between first and third party claims is based upon the relationship of the parties

in each situation. In the context of third party claims, the relationship between the parties is fiduciary in nature because an unreasonable failure on the part of the insurance company to effect a settlement would unnecessarily risk the danger of a judgment against the insured in excess of his policy limit. Because the insurer controls the defense and acts as attorney-in-fact on behalf of the insured, a duty of good faith arises on the part of the insurer. *United Guaranty Residential Insurance Company of Iowa v. Alliance Mortgage Co.*, 644 F.Supp. 339, 341 n. 3 (M.D.Fla. 1986); *Baxter v. Royal Indemnity Co.*, 285 So.2d 652, 655 (Fla. 1st DCA 1973), *cert. discharged*, 317 So.2d 725 (Fla.1975). In contrast, a first party claim affords no basis for a fiduciary relationship between the parties because the interests of the insurer are wholly adverse to those of the insured.[6] *Baxter*, 285 So.2d at 656. Instead the relationship between the parties is simply that of debtor and creditor. *Id.* at 657.

Given the foregoing, the Court concludes that the claim asserted by Winter Haven against Reliance is in the nature of a first party claim. Unlike the typical third party situation, Winter Haven is in no danger of being found liable for a judgment in excess of its policy limit due to Reliance's action (or inaction); nor does Reliance occupy a fiduciary's role with respect to Winter Haven because it does not represent Winter Haven as attorney-in-fact in this matter. On the contrary, Winter Haven and

---

3. In its response, Winter Haven points out that it has alleged other acts of bad faith, such as the Reliance's failure to adopt and implement standards for proper investigation of claims and its failure to acknowledge and act promptly upon communications, in addition to its assertion that Reliance failed to settle its claim in bad faith. However, even if Reliance did not adequately respond to communications or investigate as is alleged, Winter Haven would be able to prove no damages resulting from those alleged shortcomings because Reliance's ultimate conclusion not to pay Winter Haven's claim was fairly debatable and thus not in bad faith.

4. As Winter Haven correctly points out, Reliance, in conclusory terms, raised this issue in its motion to dismiss. At that time, on the basis

of the record before it, the Court denied Reliance's motion. Now that this issue has been more fully briefed, the Court will reconsider its previous ruling.

5. While the distinction between first and third party claims remains important in Florida's common law, § 624.155, Fla.Stat., discussed *supra*, eliminates this distinction with regard to statutory claims. *United Guaranty Residential Insurance Company of Iowa v. Alliance Mortgage Co.*, 644 F.Supp. 339 (M.D.Fla.1986).

6. It is important to note that in a first party claim, in contrast to third party claims, not even bad faith action on the part of the insurer can result in a judgment against the insured for any excess liability. *Baxter*, 285 So.2d at 656.

Reliance are in the type of adversary relationship which characterizes first party claims. Theirs is a debtor/creditor relationship, not a fiduciary one. *See Matter of Eli Witt,* 2 B.R. 487 (Bkrcy.M.D.Fla. 1979) (surety has a direct and original agreement with the obligee out of which a debtor/creditor relationship arises). Since Winter Haven's bad faith claim against Reliance is a first party one, it is not actionable at common law.

Accordingly, Reliance's motion for summary judgment as to Count III of Winter Haven's counterclaim is GRANTED. The Clerk is instructed to enter judgment for Plaintiff Reliance and against Defendant Winter Haven on Counts II and III of Winter Haven's amended counterclaim.

IT IS SO ORDERED.