646 So.2d 780 (1994)
JOHN J. JERUE TRUCK BROKER, INC., Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. 94-00283.
District Court of Appeal of Florida, Second District.
November 30, 1994.
Neal L. O'Toole, Frost & O'Toole, P.A., Bartow, for appellant.
R. Elliott Dunn, Jr., Tampa, for appellee.
PARKER, Acting Chief Judge.
John J. Jerue Truck Broker, Inc. (Jerue), appeals a summary final judgment which the trial court entered in favor of Insurance Company of North America (INA) on a claim for unfair insurance trade practices. We reverse.
*781 Jerue employed David Thompson in the position of office manager of Jerue's Texas branch office from 1988 through 1989. Thompson submitted for payment numerous fraudulent bills of lading which were for freight allegedly handled by a corporation which Thompson and his wife wholly owned. Jerue suffered a monetary loss of approximately $976,463.70 because of these dishonest acts.
Thompson committed these acts while INA insured Jerue by a policy providing coverage for dishonest acts of employees. Jerue provided INA with a verified proof of loss setting forth in detail the name and nature of the loss sustained. INA acknowledged receipt of the proof of loss through its agent and claims representative. Thereafter Jerue made formal demand on INA for payment of its claim. INA denied the claim on the ground that there was no coverage because Thompson did not fall within the policy's definition of employee.
Jerue filed a three-count complaint against INA. Count I was for breach of contract, Count II was for bad faith, and Count III was an action for unfair insurance trade practices. The court dismissed the bad-faith claim prior to trial. Both sides filed motions for summary judgment on the breach of contract claim. The trial court denied the motions, concluding that there was a disputed question of fact about whether Thompson was an employee under the insurance contract. The parties proceeded to trial on the breach of contract claim. The jury returned a verdict for Jerue on the breach of contract claim and found that Thompson was an employee as defined in the policy. INA then filed a motion for summary judgment on its claim for unfair insurance trade practices. The trial court granted the motion, finding as follows:
1. There is no genuine issue as to any material fact.
2. Since the issue of whether plaintiff's claim was covered under the policy was submitted to a jury, that issue was fairly debatable, and therefore defendant had a reasonable basis for denying the claim.
3. Since defendant had a reasonable basis for denying plaintiff's claim because the basis for denial was one upon which reasonable minds could differ, defendant is entitled to a judgment in its favor as a matter of law.
We conclude that the trial court erred in granting INA's summary judgment motion based upon the single fact that the court permitted the breach of contract claim to go to a jury.
First, we must discuss the statutory authority for the unfair insurance trade practices action. In 1982 the legislature provided for a civil remedy against an insurer for any person damaged by unfair claim settlement practices set forth in Section 626.9541(1)(i), Florida Statutes. Ch. 82-243, § 9, Laws of Fla. (codified at § 624.155, Fla. Stat.) Section 626.9541(1)(i), Florida Statutes (Supp. 1990) provides as follows:
(i) Unfair claim settlement practices. 
1. Attempting to settle claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insured; [or]
2. A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy; or
3. Committing or performing with such frequency as to indicate a general business practice any of the following:
a. Failing to adopt and implement standards for the proper investigation of claims;
b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
c. Failing to acknowledge and act promptly upon communications with respect to claims;
d. Denying claims without conducting reasonable investigations based upon available information;

*782 e. Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;
f. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;
g. Failing to promptly notify the insured of any additional information necessary for the processing of a claim; or
h. Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.
Jerue alleged in its complaint that INA violated Section 626.9541(1)(i) in that INA committed the following wrongful acts:
(a) failed to acknowledge and act properly upon the claim submitted by the Plaintiff;
(b) denied the claim without ever conducting a reasonable investigation based upon available information;
(c) failed to properly provide a reasonable explanation in writing to the Plaintiff of the basis for the denial of the claim;
(d) failed to properly notify Plaintiff of any additional information necessary for the processing of the claim; [and]
(e) failed to evaluate and settle this claim when under all of the circumstances it should have done so.
The trial court's reasoning in granting INA's motion for summary judgment of the unfair insurance trade practices claim was that INA was reasonable in denying the claim because the breach of contract claim was fairly debatable because the resolution of the claim was for the jury and could not be decided as a matter of law. The "fairly debatable" standard is found in Reliance Insurance Company v. Barile Excavating & Pipeline Co., Inc., 685 F. Supp. 839 (M.D.Fla. 1988), in which Judge Hodges, relying on federal case authority applying the laws of states other than Florida, stated:
Reliance argues that, as a matter of law, even if it is found liable for breach of contract for its decision not to pay Winter Haven's claim, it cannot be found to have acted in bad faith if it establishes that the validity of Winter Haven's claim is "fairly debatable."
Reliance's argument is well taken with respect to Winter Haven's allegations relating to Reliance's failure to settle its claim. Although no Florida caselaw appears to be directly on point, persuasive authority from other jurisdictions supports the view that a finding of bad faith on the part of an insurance company can only be reached if the disputed insurance claim is determined not to be "fairly debatable." A claim is not "fairly debatable" only when there is an absence of a reasonable basis for denial of policy benefits.
Reliance Ins. Co., 685 F. Supp. at 840 (citations omitted). The Fifth District, however, pointed out in Robinson v. State Farm Fire & Casualty Co., 583 So.2d 1063, 1067-68 (Fla. 5th DCA 1991), that "no Florida court has ever adopted the `fairly debatable' approach."[1] We do not agree with Reliance Insurance Co., and instead we adopt the following conclusion in Robinson:
It is impossible to stretch this interlocutory denial of a motion for summary judgment into a conclusion that State Farm met its duty of good faith as the liability insurer of James Lockey. It makes no sense that an insurer who asserts a coverage issue that, for any reason, withstands summary judgment, but ultimately fails, would be excused from all of the good faith obligations imposed on the insurer who admits coverage.
Robinson, 583 So.2d at 1066.
INA correctly points out that Robinson involved a summary judgment in favor of the insurer in a third-party excess coverage case. *783 INA argues that the factors upon which Robinson focused are inapplicable to a first-party claim such as the one involved in this case. We disagree. We conclude that three of the five factors Robinson utilized in evaluating the insurer's efforts are applicable in this case. Those factors are: (1) the insurer's effort to resolve promptly the coverage issues or otherwise limit any potential prejudice to the insured; (2) the substance of the coverage disputes or the weight of the legal authority on the coverage issue; and (3) the insurer's diligence or thoroughness in investigating the facts specifically pertinent to coverage.
We, therefore, conclude that the trial court erred in granting INA's motion for summary judgment as to the unfair insurance trade practices claim based upon the denial of summary judgment motions on the breach of contract claim. We reject the proposition that the proper standard to apply in determining a claim for unfair insurance trade practices is the "fairly debatable" standard. Instead the trial court must consider all of the circumstances involved in the denial of coverage in evaluating an insurer's liability for bad faith. Those circumstances should include, but are not limited to, the factors set forth in Robinson which are found in this opinion. When there are disputed issues of material fact relating to these circumstances, then the court must submit the claim to the jury for resolution. We, therefore, reverse the final judgment and remand with directions to the trial court to reconsider the motion for summary judgment in light of this opinion.
Reversed and remanded.
PATTERSON and FULMER, JJ., concur.
NOTES
[1] Recently the supreme court, in Imhof v. Nationwide Insurance Co., 643 So.2d 617 (Fla. 1994) (revised opinion), noted that Reliance Insurance Co. applied the "fairly debatable" standard; however, we do not read Imhof as approving or adopting the "fairly debatable" standard.