Tamara S. HEIBLER, Petitioner-Appellant,

v.

DEPARTMENT OF WORKFORCE DEVELOPMENT, Equal
Rights Division, and City of Milwaukee, Board of
Fire and Police Commissioners of the City of Mil-
waukee, Respondents-Respondents.

Court of Appeals

*No. 01–0794. Submitted on briefs November 7, 2001.—Decided
December 18, 2001.*

2002 WI App 21

(Also reported in 639 N.W.2d 776.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Jeffrey P. Sweetland*, of *Shneidman, Hawks & Ehlke, S.C.*, of Milwaukee.

On behalf of the respondent-respondent, Department of Workforce Development, Equal Rights Division, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Richard Briles Moriarty*, assistant attorney general.

On behalf of the respondent-respondent, City of Milwaukee and Board of Fire and Police Commissioners of the City of Milwaukee, the cause was submitted on the brief of *Grant F. Langley*, city attorney, and *Ellen H. Tangen*, assistant city attorney.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. SCHUDSON, J.    Tamara S. Heibler appeals from the circuit court order affirming the decision of the Department of Workforce Development, Equal

Rights Division.[1] The Department concluded that the City of Milwaukee had not unlawfully interfered with or restrained the exercise of Heibler's rights, under the Wisconsin Family and Medical Leave Act (WFMLA), by denying her request for a paid day off under the Sick Leave Incentive Program (SLIP)[2] provisions of the collective bargaining agreement governing her employment.

¶ 2. Heibler argues that the City's denial of her request for the paid day off violated WIS. STAT. § 103.10(11)(a) (1999–2000),[3] which provides: "No person may interfere with, restrain or deny the exercise of any right provided under [WFMLA]." We conclude, however, that Heibler's request was properly denied, based on the terms of her employment under her union's collective bargaining agreement with the City. The denial of Heibler's request, therefore, did not constitute an interference with, restraint of, or denial of her rights under WFMLA. Accordingly, we affirm.

---

[1] The Department of Workforce Development was formerly known as the Department of Industry, Labor and Human Relations. *Brauneis v. State*, 2000 WI 69, ¶ 9 n.4, 236 Wis. 2d 27, 612 N.W.2d 635. In the instant appeal, the City of Milwaukee City Attorney and the Wisconsin Attorney General each submitted a respondent's brief. In this opinion, however, we will refer to the respondents collectively as "the Department."

[2] The Sick Leave Incentive Program (SLIP) provides each eligible City employee with up to one eight-hour paid day off if the employee, in addition to satisfying all other prerequisites during the applicable trimester period for each calendar year, "did not use any paid sick leave, did not receive injury pay, was not on an unpaid leave of absence, was not suspended from duty for disciplinary reasons, did not take any unpaid time off the payroll, was not tardy and was not [absent without leave]."

[3] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## I. BACKGROUND

¶ 3. From May 18 through May 31, 1999, Heibler, a City of Milwaukee police district office assistant, took two weeks (eighty hours) of medical leave for surgery. Pursuant to WIS. STAT. § 103.10(5)(b), she exercised her option to substitute paid sick leave, accrued under her union's collective bargaining agreement with the City, for unpaid medical leave under WFMLA.[4]

¶ 4. On September 22, 1999, Heibler requested a paid day off, for December 28, 1999, under SLIP. The City denied Heibler's request because she had used paid sick leave during the applicable trimester, having substituted it for unpaid WFMLA leave.[5]

## II. DISCUSSION

¶ 5. Heibler argues that the denial of the SLIP paid day off violated her rights under WFMLA. Our determination of whether an employer's denial of such

---

[4] WISCONSIN STAT. § 103.10(5) provides:

> PAYMENT FOR AND RESTRICTIONS UPON LEAVE. (a) This section does not entitle an employee to receive wages or salary while taking family leave or medical leave.

> (b) An employee may substitute, for portions of family leave or medical leave, paid or unpaid leave of any other type provided by the employer.

[5] Although Heibler's medical leave occurred during the year's second trimester, and the denied request was for a day during the year's third trimester, she does not argue that the denial was based on any miscalculation of the applicable trimester. According to the stipulated facts submitted to the administrative law judge (ALJ), Heibler's request was based on her attendance during the second trimester.

a request violates WFMLA requires the interpretation and application of the applicable statutes. *See Richland Sch. Dist. v. DILHR*, 174 Wis. 2d 878, 890, 498 N.W.2d 826 (1993). Although "[t]he interpretation of a statute presents a question of law, and the 'blackletter' rule is that a court is not bound by an agency's interpretation," *id.*, here, because the Department "has gained experience and expertise in interpreting the substitution provision" of Wis. Stat. § 103.10(5)(b), *id.* at 894, we apply "the 'great weight' standard under which the reviewing court will defer to the agency's interpretation of a statute if its interpretation is reasonable, although an alternative interpretation may also be reasonable," *id.*

¶ 6. Heibler explains that, under WFMLA, she had three options: (1) take WFMLA leave, unpaid, with no substitution of any paid leave; (2) substitute paid sick leave; or (3) substitute paid vacation. Under the terms of her collective bargaining agreement, if she had substituted paid *vacation* for unpaid WFMLA leave, her attendance, for purposes of calculating eligibility for SLIP paid time off, would have remained perfect during the applicable trimester and, as a result, she would have been eligible for the requested SLIP paid day off. Because, however, she substituted paid *sick leave* for unpaid WFMLA leave, her attendance, under SLIP calculations, no longer was perfect and, therefore, she no longer qualified for the requested SLIP paid day off. Heibler maintains, therefore, that her WFMLA rights were violated.

¶ 7. Heibler asserts that Wisconsin courts "have repeatedly held that an employer interferes with WFMLA rights by requiring an employee to substitute

vacation rather than sick leave for WFMLA leave."[6] Here, however, the City did not *require* Heibler to, in her words, "substitute vacation rather than sick leave for WFMLA leave." Therefore, we conclude, the City's denial of Heibler's request for a SLIP paid day off did not violate her WFMLA rights.

¶ 8. Heibler acknowledges that she was not directly or explicitly required to substitute paid vacation, rather than paid sick time, for her unpaid WFMLA medical leave. She maintains, however, that she would effectively have been required to do so in order to preserve her eligibility for the SLIP paid day off. She explains:

> Here, of course, the employer does not expressly prohibit the substitution of sick leave. Instead, it tells

---

[6] In support of this assertion, Heibler invokes *Aurora Medical Group v. DWD*, 2000 WI 70, 236 Wis. 2d 1, 612 N.W.2d 646, *Miller Brewing Co. v. DILHR*, 210 Wis. 2d 26, 563 N.W.2d 460 (1997), and *Richland School District v. DILHR*, 174 Wis. 2d 878, 498 N.W.2d 826 (1993). As we will discuss, *Richland School District* casts some light on this controversy. There, one of the issues the supreme court considered was whether WIS. STAT. § 103.10(5)(b) "allows an employe[e] to substitute paid leave accumulated under a collective bargaining agreement for unpaid family leave authorized by [W]FMLA, when the employe[e] has not met the conditions of leave eligibility set forth in the collective bargaining agreement." *Richland Sch. Dist.*, 174 Wis. 2d at 887.

The other two cases, however, provide little guidance; their issues were wholly distinguishable from that of the instant appeal. In *Miller Brewing*, the issue was whether WFMLA was preempted by § 301 of the federal Labor Management Relations Act. *Miller Brewing Co.*, 210 Wis. 2d at 28–29. In *Aurora Medical Group*, the issue was whether WFMLA was preempted by § 514(a) of the federal Employee Retirement Income Security Act. *Aurora Med. Group*, 2000 WI 70 at ¶ 1.

the employee that she qualifies for an extra benefit, an extra day off with pay, only if she substitutes vacation instead. By conditioning receipt of the extra benefit on the "correct" choice, then, it seeks to obtain by indirect discouragement what it cannot obtain by direct prohibition.

Heibler overstates her case. Explicitly, the City did not "tell[] the employee" anything. Implicitly, however, the City *and Heibler's union,* having arrived at a collective bargaining agreement governing the terms of Heibler's employment, advised Heibler to know its conditions and to make her choices accordingly. *See Gray v. Marinette County,* 200 Wis. 2d 426, 436, 546 N.W.2d 553 (Ct. App. 1996) (union is "exclusive bargaining representative for its members"); *Krause v. Mass. Bay Ins. Co.,* 161 Wis. 2d 711, 718, 468 N.W.2d 755 (Ct. App. 1991) (contracting parties are presumed to know applicable statutory and case law in effect at time of contract formation); WIS. STAT. § 111.70 (containing provisions under which collective bargaining agreement at issue in instant case was implemented).

¶ 9. Heibler relies on WIS. STAT. § 103.10(9)(a) which, in relevant part, states:

[N]othing in this section entitles a returning employee to a right, employment benefit or employment position to which the employee would not have been entitled had he or she not taken family leave or medical leave or to the accrual of any seniority or employment benefit during a period of family leave or medical leave.

Heibler maintains that this section must be analyzed by dividing it into two clauses:

[N]othing in this section entitles a returning employee

160

(1) to a right, employment benefit or employment position to which the employee would not have been entitled had he or she not taken family leave or medical leave

or

(2) to the accrual of any seniority or employment benefit during a period of family leave or medical leave.

The Department does not object to this proposed method of analysis, and also agrees with Heibler that, when she returned from her leave, she was "a returning employee" under the statute. The parties disagree, however, on how clause (1) applies, and whether clause (2) and WIS. ADMIN. CODE § DWD 225.03(4) also encompass her circumstances.

¶ 10. Heibler contends that her circumstances must be analyzed under clause (1). She asserts that if she "had not been absent from May 18 to 31, 1999, when she was on medical leave, she would have qualified for a SLIP benefit based on the second trimester of 1999," and, therefore, that proper application of clause (1) would calculate her "entitlement to the SLIP benefit *as though she had not been absent from work* when she was on medical leave." Thus, she concludes, her leave period should be "simply ignored" in determining whether she qualified for the SLIP paid day off.[7]

---

[7] Heibler also argues that no published court decision or departmental regulation has interpreted clause (1), so our review of this issue must be *de novo*. The Department responds that we must accord its interpretations of WIS. STAT. § 103.10(9)(a) and WIS. ADMIN. CODE § DWD 225.03(4) "great weight" deference. Here, because, under either standard, we reject Heibler's interpretation of clause (1), and because we do not decide this case solely under that clause, we need not

¶ 11. The Department agrees that by substituting paid sick leave for unpaid WFMLA leave, Heibler brought herself "squarely within the terms of" clause (1) of Wis. STAT. § 103.10(9)(a). The Department contends, however, that she also brought herself within Wis. ADMIN. CODE § DWD 225.03(4), which provides: "If any other type of leave is substituted for family or medical leave, and any seniority or employment benefit would normally accrue during the taking of that other type of leave, that seniority or employment benefit shall accrue during the taking of that substituted leave." The Department maintains that both clause (2) of § 103.10(9)(a) and § DWD 225.03(4) establish that the denial of Heibler's request for the SLIP paid day off did not interfere with, restrain, or deny her WFMLA rights. On both bases, the Department is correct.

¶ 12. First, under Wis. ADMIN. CODE § DWD 225.03(4), Heibler, having opted to substitute "any other type of leave" (paid sick leave) for unpaid WFMLA leave, remained eligible to accrue "any seniority or employment benefit" that "normally" would have accrued during her leave. The SLIP benefit, however, would not have accrued during Heibler's leave; by the terms of the collective bargaining agreement, she did not qualify for the benefit because she had used paid sick leave during the applicable trimester. While Heibler accurately argues that she would have had to have substituted paid vacation time, rather than paid sick leave, to qualify for the SLIP benefit, she offers nothing, in law or logic, that would expand WFMLA protections to preempt the contractual consequences of her choice.

address Heibler's argument regarding the standard of review that would apply to an agency interpretation of clause (1), alone.

¶ 13. Second, under Wis. Stat. § 103.10(9)(a), Heibler, returning to work after having substituted paid sick leave for unpaid WFMLA leave, became "a returning employee." Under clause (2) of the statutory provision, she was not entitled "to the accrual of any seniority or employment benefit" during her period of medical leave. Therefore, Heibler did not qualify for the SLIP paid day off, which would have been available had she not used paid sick time during the applicable trimester.[8]

¶ 14. At this intersection of WFMLA and employment under a collective bargaining agreement, we understand how Heibler may feel that the exercise of her WFMLA rights was restrained. After all, as she accurately argues, in order to qualify for SLIP paid time off,

---

[8] Heibler also invokes the portion of the federal Family and Medical Leave Act (FFMLA) that she characterizes as paralleling Wis. Stat. § 103.10(9)(a). *See* 29 U.S.C. § 2614(a)(3) (2000). She asserts that "cases construing WFMLA are in complete accord" with the United States Department of Labor's stance that employers are prohibited from discriminating against employees who have used FFMLA leave.

Heibler, however, offers no additional theory, under federal law, to strengthen the argument she has presented under state law. Citing federal regulations for the proposition that an employee "may not be disqualified" from a perfect-attendance bonus "for the taking of [F]FMLA leave," *see* 29 C.F.R. §§ 825.215(c)(2), 825.220(a)(1), (b), (c), Heibler continues to misconstrue what occurred. The City did not disqualify her from taking a SLIP paid day off because she took medical leave. It did so because Heibler's decision to substitute paid sick time for unpaid WFMLA leave, while benefiting her in some ways, also left her ineligible for the requested SLIP paid day off, under the terms of the collective bargaining agreement.

she would have had to substitute paid vacation, rather than paid sick time, for unpaid WFMLA leave. But while such a circumstance may motivate an employee to carefully calculate the contractual consequence of substituting paid vacation or paid sick time for unpaid WFMLA leave, and while that calculation may leave an employee with a dilemma, the contractual consequence is collateral; it does not interfere with, restrain, or deny WFMLA rights.

¶ 15. Indeed, parties negotiating collective bargaining agreements would do well to consider their potential consequences in conjunction with WFMLA. *See Richland Sch. Dist.*, 174 Wis. 2d at 906 ("The school district apparently had opportunity to incorporate provisions into its collective bargaining agreement which would anticipate the effects of [Wis. Stat. §] 103.10(5)(b)."). The employee, attentive to the terms of the collective bargaining agreement, remains free to fully exercise all rights under WFMLA, with consideration of the various options and their consequences under the agreement. *See id.* at 895 ("When the employer provides leave, the statute does not restrict or limit the employe[e]'s power of substitution; the decision to substitute is left to the employe[e]'s discretion.").

¶ 16. Heibler, opting to substitute paid sick leave for unpaid WFMLA leave, preserved her salary, seniority, and benefits, pursuant to Wis. Admin. Code § DWD 225.03(4). But she did not gain "any seniority or employment benefit," including SLIP eligibility for paid time off, which she would have lost by virtue of exercising that option. By exercising that option, Heibler, upon returning to work, became a "returning employee" under Wis. Stat. § 103.10(9)(a) and, under clause (2) of that statute, she was not entitled "to the accrual of

any . . . employment benefit" that otherwise could have accrued during the period of her absence from work. The operation of the collective bargaining agreement did not interfere with, restrain, or deny Heibler's rights under WFMLA. *See Richland Sch. Dist.*, 174 Wis. 2d at 906 ("[W]hen possible, collective bargaining agreements and statutes governing conditions of employment must be harmonized. . . .").[9]

*By the Court.*—Order affirmed.

---

[9] Heibler also argues that the evidence does not support the Department's "finding" that her exercise of WFMLA rights "played no part in the application of the collectively bargained Sick Leave Incentive Program to her." The case was submitted to the ALJ on stipulated facts, and the quoted statement, in isolation, might seem to be a less-than-artful summary of the parties' understanding of those facts. In context, however, the statement, intertwined with the ALJ's legal conclusion, correctly separates the impact of the collective bargaining agreement from Heibler's exercise of WFMLA rights.